# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, TAMPA BAY WATERKEEPER, SUNCOAST WATERKEEPER, MANASOTA-88, *and* OUR CHILDREN'S EARTH FOUNDATION,<br><br>  *Plaintiffs*,<br><br>  *v.*<br><br>GOVERNOR RON DeSANTIS,<br><br>*and*<br><br>SHAWN HAMILTON, *in his official capacity as* ACTING SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br><br>*and*<br><br>HRK HOLDINGS, LLC,<br><br>*and*<br><br>MANATEE COUNTY PORT AUTHORITY,<br><br>  *Defendants*. | Case No. 8:21-cv-1521-WFJ-CPT<br><br>**UNIFORM CASE MANAGEMENT REPORT** |

## Uniform Case Management Report

  The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on Thursday, August 26 by conference call.

   Present for Plaintiffs: Daniel C. Snyder, Charles M. Tebbutt, Jacklyn Lopez, and Justin Bloom.

   Present for Defendants: Nicholas J.P. Meros on behalf of Defendant Governor Ron DeSantis; Carl Goldfarb on behalf of Defendant Shawn Hamilton, Acting Secretary, Florida Department of Environmental Protection; Kevin S. Hennessy on behalf of Defendant Manatee County Port Authority.

   Defendant HRK Holdings, LLC, did not participate in the conference. On August 26, the attorney representing HRK Holdings, LLC informed Plaintiffs' counsel that a receiver had been appointed over the Piney Point site by the Circuit Court of the Twelfth Judicial District in and for Manatee County, Florida.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

   | Action or Event | Date |
   |---|---|
   | Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 12/17/2021 |
   | Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 7/11/2022 |
   | Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 9/2/2022 |
   | Defendant's deadline for disclosing any expert report. | 9/2/2022 |
   | Deadline for disclosing any rebuttal expert report. | 10/28/2022 |
   | Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 12/9/2022 |

| | |
|---|---|
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Not Applicable |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 1/23/2023 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>**Prior to the deadline date,** the Parties will be jointly requesting a settlement conference with Magistrate Judge Sansone, United States District Court for the Middle District of Florida 813-301-5315, 801 North Florida Ave., Tampa, Florida 33602 | 8/15/2022 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 1/9/2023 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 2/3/2023 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 2/10/2023 |
| Month and year of the trial term. | 6/19/2023 |

The trial will last approximately 10 days and be

☐ jury.

☒ non-jury.

3. **Description of the Action**

This case is a citizen suit action brought under the Resource Conservation and Recovery Act, 42 U.S.C. § 6972, and the Federal Water Pollution Control Act, 33 U.S.C. § 1365. It alleges that Defendants' acts and omissions at the former Piney Point Phosphate Plant ("Piney Point") have caused or contributed to an imminent and substantial endangerment to health and the environment, and that Defendants have discharged and are reasonably likely to continue to discharge pollutants from one or more point sources into navigable waters without, or in violation of, a National Pollutant Discharge Elimination System ("NPDES") permit. Plaintiffs contend that this case presents complex issues of law and fact and will require significant discovery in the form of Rule 34 inspections of the Piney Point facility and its wastewater impoundments, written discovery to Defendants and other

third-parties, numerous depositions, and expert testimony from multiple expert witnesses.

Governor DeSantis and Shawn Hamilton/Acting Secretary Florida Department of Environmental Protection ("FDEP") contend this case should be dismissed or stayed in its entirety. Governor DeSantis also argues he is not a proper party to this action.

Manatee County Port Authority concurs that this case should be dismissed or in the alternative stayed in its entirety. Further, the Port Authority is not a proper party to this action since it has no ownership of the Piney Point site or any role in the regulation or control of the Piney Point site or site activities.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

There are two related actions:

1. *State of Florida Department of Environmental Protection v. HRK Holdings LLC*, Case No. 2001-CA-003192-AX (Circuit Court of the Twelfth Judicial Circuit in and for Manatee County).

2. *Fortress 2020 LANDCO, LLC, v. HRK Holdings, LLC*, a Florida limited liability company, *Arsenal Group, LLC*, a Delaware limited liability company, *William F. Harley III*, *Florida Department Of Environmental Protection*, *Ardaman & Associates, Inc.*, a Florida corporation, *International Salt Company, LLC*, a Delaware limited liability company, *Mc Weighing Systems, LLC*, a Florida limited liability company, 9079-8042 *Quebec, INC.*, a foreign corporation, *John Doe1, Jane Doe1, John Doe2* and *Jane Doe2*, Civil Action No. 2020-CA-004459-AX (Circuit Court of the Twelfth Judicial Circuit in and for Manatee County).

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐   The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒   The parties do not consent.

7. **Preliminary Pretrial Conference**

☐   The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒   The parties do request a preliminary pretrial conference, and the parties want to discuss:

> Plaintiffs' request to serve more interrogatories, take more depositions, and take longer expert depositions than is permitted under the Federal Rules of Civil Procedure without leave of court.

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☒ No.

Governor DeSantis and FDEP contend that this case should be dismissed or stayed in its entirety. FDEP has commenced an enforcement action against HRK Holdings, LLC, in state court, and in a foreclosure action pending in state court and concerning the Piney Point property recently sought and received appointment of a receiver to oversee the closure of the facility. Given those actions, and the recent appropriation by the legislature of $100 million for remediation and closure of Piney Point, Governor DeSantis and FDEP contend, as will be set forth more fully in their forthcoming motion, that this action should be dismissed or stayed in its entirety, and further contend that discovery should be stayed pending a ruling on that motion. Governor DeSantis also argues he is not a proper party to this action.

Plaintiffs disagree that this case should be stayed or that disclosures under Rule 26(a)(1) should be delayed. Plaintiffs contend that the Piney Point site presents an imminent and substantial endangerment to the environment and a recurring source of unlawful discharges, and that the proper and complete closure of the Piney Point site requires Defendants to engage in a RCRA corrective action process for solid and hazardous waste.

Manatee County Port Authority will also be seeking to dismiss the case against it, or to stay the case in part due to the related cases cited herein. The Port authority will note that it is not a party to those other cases, because the Port Authority does not have any ownership interest in the Piney Point site, any

regulatory authority over the Piney Point site, or any involvement, control or authority over, the activities on the site.

    B.    Discovery may be needed on these subjects:

**From the Plaintiffs[1]:**

- The generation, transportation, handling, storage, treatment, and/or disposal of solid and/or hazardous wastes at Piney Point;

- The ownership and operation of Piney Point, including contributions to the past and present handling, storage, treatment, transportation, and/or disposal of solid and/or hazardous waste at Piney Point;

- The discharge of pollutants from point source(s) at Piney Point to navigable waters, and the water quality and other environmental impacts from such discharges;

- Impacts to surface waters, groundwaters, human health, and the environment from Piney Point;

- Rule 34 inspections of the Piney Point site, including review and testing of all impoundments and liners, review and sampling of all solid and hazardous wastes infrastructure, including storage, handling, treatment, disposal, and transportation infrastructure, review and sampling of all point sources that have or are discharging pollutants to navigable waters, and environmental sampling of surface waters, groundwaters, drinking water, air, and other environmental media;

- The measure of control each Defendant had or currently maintains over the point sources, solid and hazardous wastes, waste disposal, treatment, handling, and/or storage infrastructure, and overall operation of Piney Point;

- Whether other parties should be joined to this litigation;

---

[1] Plaintiffs provide this list as a general example of the discovery subjects that may be needed in this litigation. Plaintiffs reserve the right to seek other discovery as is appropriate under the Federal Rules of Civil Procedure.

- Civil penalty factors related to Plaintiffs' causes of action under the Federal Water Pollution Control Act;

- Steps Defendants could have or should have taken to abate and/or remediate the endangerment threatened by Piney Point; and

- The remedies required at Piney Point to cease discharges and abate the endangerment.

**From FDEP:**

If discovery proceeds, discovery may be needed on these subjects: (1) history of operations at Piney Point Phosphate Facility; (2) composition of materials in phosphogypsum stacks; and (3) required procedures to safely close Piney Point.

**From MCPA:**

If discovery proceeds, discovery may be needed on the following subjects (but not be limited to these subjects): (1) history of operations actions at the Piney Point site; (2) history of regulatory efforts and enforcement over the Piney Point site; (3) history of judicial involvement concerning the Piney Point site, including Federal bankruptcy proceedings; (4) composition of all materials over time at the Piney Point site, and the handling of those materials; (5) ownership, control and regulatory authority over the site and the exercise of authority over the site over time; and (6) the standing of the Plaintiffs.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☒ Yes.

The parties conferred about ESI and intend on using the Middle District of Florida's discovery handbook to guide a more robust conversation

about ESI disclosure, discovery, and preservation. That conversation will likely include the parties' IT professionals. At this juncture, the parties anticipate reaching an ESI agreement that will address these issues. The parties presently intend on having that agreement in place by December 17, 2021, the date where Rule 26(a)(1) disclosures are currently proposed to be exchanged.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

If discovery proceeds, FDEP would like the Court to enter an order under Federal Rule of Evidence 502(d).

MCPA joins in the request of FDEP for an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.
☒ Yes.

Plaintiffs request the following modifications to the default rules under the Federal Rules of Civil Procedure:

1. The number of interrogatories under Fed. R. Civ. P. 33(a)(1) shall be enlarged to 45.

2. The number of depositions under Fed. R. Civ. P. 30(a)(2)(A)(i) shall be enlarged to 20, exclusive of any witness that provides an expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

3. Each party is authorized to depose expert witnesses that provide an expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B), regardless of the number of depositions previously taken. The parties shall work cooperatively to schedule and facilitate such depositions. Expert witness depositions may be scheduled over two calendar days, limited to seven hours per day.

FDEP believes that if discovery proceeds in this action, there is no need for more interrogatories, more depositions, or longer expert depositions than what is permitted as of right under the Federal Rules of Civil Procedure.

MCPA does not object to an increase in the number of interrogatories sought by the Plaintiffs but joins in the FDEP position that depositions do not need to be increased in number or length.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

Respectfully Submitted this 30th Day of August, 2021.

| | |
|---|---|
| */s/ Daniel C. Snyder* | */s/ Jaclyn Lopez* |
| Daniel C. Snyder, *pro hac vice* | Jaclyn Lopez, Florida Bar No. 96445 |
| Charles M. Tebbutt | Center for Biological Diversity |
| B. Parker Jones | PO Box 2155 |
| Law Offices of Charles M. Tebbutt, P.C. | St. Petersburg, FL 33731 |
| 941 Lawrence St. | Tel: (727) 490-9190 |
| Eugene, OR 97401 | jlopez@biologicaldiversity.org |
| Tel: (541) 344-3505 | |
| Fax: (541)344-3516 | |
| dan@tebbuttlaw.com | |
| charlie@tebbuttlaw.com | |
| parker@tebbuttlaw.com | |

*/s/ Justin Bloom*
Justin Bloom, Florida Bar No. 89109
PO Box 1028

Sarasota, FL 34230
Tel: (941) 275-2922
bloomesq1@gmail.com

*Attorneys for Plaintiffs*

/s/ *Jesse Panuccio*

Jesse Panuccio
Florida Bar No. 31401
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Ste. 1200
Fort Lauderdale, FL  33301
Telephone: (954) 356-0011
Email: jpanuccio@bsfllp.com

*Counsel for Defendant Acting Secretary Hamilton*

/s/ *Nicholas J.P. Meros*
JAMES W. UTHMEIER (FBN 113156)
*General Counsel*
NICHOLAS J.P. MEROS (FBN 0120270)
*Deputy General Counsel*
EXECUTIVE OFFICE OF THE GOVERNOR
The Capitol, PL-5
400 S. Monroe Street
Tallahassee, FL 32399
Phone: (850) 717-9310
Facsimile: (850) 488-9810
James.Uthmeier@eog.myflorida.com
Nicholas.Meros@eog.myflorida.com
Gov.legal@eog.myflorida.com

*Counsel for Governor Ron DeSantis*

/s/ *Kevin S. Hennessy*
KEVIN S. HENNESSY, ESQUIRE
Florida Bar No. 0602558
NICOLE J. POOT, ESQUIRE
Florida Bar No. 0118858
LEWIS, LONGMAN & WALKER, P.A.
100 Second Avenue South, Suite 501-S
St. Petersburg, FL 33701
Telephone: (727) 245-0820
Facsimile: (727) 290-4057
Primary Email: khennessy@llw-law.com
npoot@llw-law.com
Secondary Email: jbissette@llw-law.com
jdavy@llw-law.com

*Counsel for Manatee County Port Authority*