IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTER FOR BIOLOGICAL
DIVERSITY, TAMPA BAY
WATERKEEPER, SUNCOAST
WATERKEEPER, MANASOTA-88, *and*
OUR CHILDREN'S EARTH
FOUNDATION,

    *Plaintiffs*,

    *v.*

GOVERNOR RON DeSANTIS,

*and*

SHAWN HAMILTON, *in his official capacity as* ACTING SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION,

*and*

HRK HOLDINGS, LLC,

*and*

MANATEE COUNTY PORT
AUTHORITY,

    *Defendants*.

Case No. 8:21-cv-1521-WFJ-CPT

## HRK HOLDINGS LLC'S MOTION TO DISMISS
## THE SECOND AMENDED COMPLAINT

COMES NOW, HRK Holdings, LLC (hereinafter, "**HRK**"), and hereby moves for an order dismissing Plaintiffs' Second Amended Complaint (**Doc. No. 50**), and states the following in support:

1

1. HRK's ownership of the property encompassing the Facility is subject to a mortgage held by Fortress 2020 Landco, LLC ("Fortress"), as assignee of Regions Bank. On November 17, 2020, Fortress commenced a foreclosure action in state court (the "Foreclosure Action"), seeking to take possession of certain non-facility portions of the property.

2. On June 24, 2021, Plaintiffs filed their Complaint in the United States District Court for the Middle District of Florida, Tampa Division against for Declaratory and Injunctive Relief against All Defendants. **Doc. No. 1**.

3 On July 22, 2021, the Court granted HRK Holdings, LLC's Motion for Extension of Time to Answer. **Doc. No. 23**.

4. In August 2021, the Florida Department of Environmental Protection ("FDEP") brought enforcement proceedings in state court against HRK Holdings, LLC ("HRK). On August 5, 2021, FDEP filed a petition in state court, FDEP v. HRK Holdings, LLC, Case No. 2021-CA-003192-AX (Fla. 12th Cir. Ct. Aug. 5, 2021) (the "Enforcement Action"), seeking judicial (1) enforcement of the 2014 CO, (2) enforcement of the 2011 Administrative Agreement, and (3) appointment of a receiver to close the Facility. See RJN Ex. D (**Doc. No. 52**)

5. On August 12, 2021, the parties filed a Joint Motion for Extension of Time to file motions to dismiss, oppositions, and replies and to enlarge page limits by All Plaintiffs. **Doc. No. 30.**

6. On August 12, 2021, the Court granted the Motion to extend deadlines/page limits as follows: Plaintiff's amended complaint due 8/13/2021; Defendants' individual motions to dismiss due 9/10/2021 (40-page limit); Plaintiffs' opposition to motions due 10/8/2021 (60 pages); and Defendants' replies due 10/29/2021 (20 pages). **Doc. No. 31.**

7. On <u>August 12, 2021</u>, Plaintiffs filed the Amended Complaint. **Doc. No. 32.**

8. Also in August, FDEP secured, through another state court action, the appointment of a receiver to manage and close the Piney Point facility. The receiver's efforts will be funded by the Florida Legislature's recent appropriation and overseen by the state court.

9. On <u>August 25, 2021</u>, the state court in the Foreclosure Action appointed a Receiver to take control of the Facility and oversee its expeditious closure. See RJN Ex. C. (**Doc. No. 52**) By order of the state court, the Receiver is charged and empowered to "maintain, manage and close as efficiently and expeditiously as possible the Facility in accordance with all applicable State and Federal laws." See id. at 11; see also id. at 5 ("[T]he Receiver shall have the following specific powers and authority: (a) to provide and maintain the Facility, including making structural changes, for as long as necessary to complete closure; (b) to make extensions, expansions, repairs, replacements, and improvements to the Facility as necessary to complete closure."). The Receiver filed his first status report on November 2, 2021. See RJN Ex. G (**Doc. No. 52)** In it, he outlined the work he has done to date, including conducting a site visit, preparing an inventory of the property, meeting with key stake holders, and addressing a host of logistical issues. Id. at 4–5.

10. On <u>September 8, 2021</u>, the parties filed a Joint Motion for Extension of Time to extend the briefing schedule. **Doc. No.42**.

11. On <u>September 9, 2021</u>, the Court granted the Motion to extend briefing schedule. Defendants' individual motions to dismiss due 11/3/2021; Plaintiffs' opposition to motions due 11/1/2021; and Defendants' replies due 12/22/2021. **Doc. No. 43.**

12. On <u>October 28, 2021</u>, the parties filed a Joint Motion to Amend the Briefing Schedule**. Doc. No. 44**.

14. On <u>November 19, 2021</u>, the parties filed a Joint Motion to Amend the Briefing Schedule. **Doc. No. 48.**

15. On <u>November 19, 2021</u>, the Court granted the Motion to extend briefing schedule. Defendants' individual motions to dismiss due 12/3/2021; Plaintiffs' opposition to motions due1/7/2022; and Defendants' replies due 1/28/2022. Plaintiffs' Second Amended Complaint due 11/22/2021. **Doc. No. 49.**

16. On <u>November 19, 2021</u>, Plaintiffs filed their Second Amended Complaint. **Doc. No. 50.**

17. Defendant HRK incorporates by reference the arguments from Florida Department of Environmental Protection ("FDEP") in FDEP's Motion to Dismiss the Plaintiffs' Second Amended Complaint. **Doc. No. 51.**

## MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bellamy v. First Class Mgmt. LLC,* 2017 U.S. Dist. LEXIS 122946, *4-5 (M.D. Fla. 2017) (*citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." *Id. See also Edwards v. Prime Inc.,* 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, *Erickson v. Pardus,* 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," *Mamani v. Berzain,* 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). *See also Bellamy v. First Class Mgmt. LLC,* 2017 U.S. Dist. LEXIS 122946, *4-5 (M.D. Fla. 2017). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 2012). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

"A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami,* 811 F.3d 1271, 1277 (11th Cir. 2016) (citations omitted). Documents attached to a motion to dismiss may also be considered "if the attached document is: (1) central to the plaintiff's claim [incorporated by reference]; and (2) undisputed." *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir. 2002). Undisputed means plaintiff does not challenge the authenticity of the document. *Id. See also Bellamy v. First Class Mgmt. LLC,* 2017 U.S. Dist. LEXIS 122946, *4-5 (M.D. Fla. 2017).

Prior to the filing of Plaintiffs' Second Amended Complaint, on August 24, 2021, the parties in the State Action filed a Stipulation to the Department's Motion for Order Appointing Receiver: (hereinafter, the "Stipulation") along with a proposed form of agreed Order. On August

25, 2021 this Court entered the Agreed Order adopting and incorporating the terms of the Stipulation (hereinafter, the "**Order**"). See RJN Exhibit C (**Doc. No.52**). Pursuant to the Order, the Receiver is charged with "maintain[ing], manag[ing] and clos[ing] as efficiently and expeditiously as possible the Facility in accordance with all applicable State and Federal laws." The purpose of the Receivership is to maintain, repair, and close the Stack System so that it is no longer a threat to public safety and the environment. All of Plaintiffs' claims should be dismissed as moot because the relief Plaintiffs seek—and more—is encompassed by the relief the court-appointed receiver is already charged with providing. *See, e.g., Davis Bros. v. Thornton Oil Co.,* 12 F. Supp. 2d 1333, 1338 (M.D. Ga. 1998) (where remediation is funded and already underway, citizen suit is moot).

Further, Plaintiffs' Second Amended Complaint fails to state a claim as a matter of law. A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both. *Barmapov v. Amuial,* 986 F.3d 1321, 1324-1325 (11th Cir. 2021) (*citing Weiland v. Palm Beach Cnty. Sheriff's Off.,* 792 F.3d 1313, 1320 (11th Cir. 2015)). Rule 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity," Rule 10(b) also mandates that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count . . . ." *Id.* The "self-evident" purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that[] his adversary can discern what he is claiming and frame a responsive pleading." *Weiland,* 792 F.3d at 1320 (*quoting T.D.S. Inc. v. Shelby Mut. Ins. Co.,* 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)). These rules were also written for the benefit

of the court, which must be able to determine "which facts support which claims," "whether the plaintiff has stated any claims upon which relief can be granted," and whether evidence introduced at trial is relevant. *Barmapov v. Amuial,* 986 F.3d 1321, 1324-1325 (11th Cir. 2021).

Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules" because they are "calculated to confuse the 'enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." *Barmapov v. Amuial,* 986 F.3d 1321, 1324-1325 (11th Cir. 2021). Besides violating the rules, shotgun pleadings also "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro,* 878 F.3d at 1295 (alterations adopted) (internal quotation marks omitted). Courts have "little tolerance" for them. *Id.*

Courts have "identified four rough types or categories of shotgun pleadings." *Barmapov v. Amuial,* 986 F.3d 1321, 1324-1325 (11th Cir. 2021). The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. *Id.* at 1323. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Plaintiffs' Second Amended Complaint asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which

7

of the defendants the claim is brought against. Particularly given the fact that since the appointment of the receiver, HRK does not currently control or maintain the property.

WHEREFORE, Defendant HRK respectfully requests an order to dismiss the action in its entirety, and for such and other relief as is just and proper.

DATED: December 3, 2021.

Respectfully Submitted,

*/s/ Jesse L. Ray, Esq.*
Jesse L. Ray, Esquire
jray@jesseleeray.com
Florida Bar No.: 0919101
JESSE LEE RAY ATTORNEY AT LAW, P.A.
13014 N. Dale Mabry Hwy. #315
Tampa, Florida 33618-2808
Secondary: efile@jesseleeray.com
Telephone: (813) 443-9701
Facsimile: (866) 523-5468

*Attorney for HRK Holding LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of December, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Jesse L. Ray, Esq*.
