IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, TAMPA BAY WATERKEEPER, SUNCOAST WATERKEEPER, MANASOTA-88, and OUR CHILDREN'S EARTH FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNOR RON DeSANTIS and SHAWN HAMILTON, in his official capacity as ACTING SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, and HRK HOLDINGS, LLC and MANATEE COUNTY PORT AUTHORITY,<br><br>Defendants. | Case No.: 8:21-cv-001521 |

**DEFENDANT, MANATEE COUNTY PORT AUTHORITY'S
MOTION FOR JUDICIAL NOTICE
OF EXHIBITS TO MOTION TO DISMISS**

The Manatee County Port Authority (the "Port"), respectfully requests that the Court take judicial notice of the following materials (collectively, the "Exhibits") in support of the Port's concurrently filed Motion to Dismiss and in support thereof states as follows:

**Exhibits to Port's Motion to Dismiss**

Exhibit A: Dredged Materials Containment Agreement and subsequent amendments

Exhibit B: 1995 Project Cooperation Agreement between the USACOE and Port

Exhibit C: USACOE Permit SAJ-1998-1210(IP-MN) dated February 22, 2001

Exhibit D: Sept. 26, 2007 correspondence from FDEP to USACOE

Exhibit E: USACOE Permit SAJ-1998-1210(IP-MN) Modification dated November 14, 2007

Exhibit F: Emergency Final Order dated March 29, 2021, OGC File No.: 21-0323

Exhibit G: First Amendment to Administrative Agreement dated August 13, 2007

Exhibit H: Ardaman & Associates, Inc. Memorandum dated July 8, 2008

Exhibit I: Operation and Maintenance Plan for the Placement of Dredged Materials dated 9/23/2010

## Memorandum of Law

**I.  Argument**

The Exhibits are considered public records pursuant to Chapter 119 of the Florida Statutes and as such are subject to judicial notice. The Exhibits are also appropriate for judicial notice as they are "not subject to reasonable dispute'

because they [are] 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" See e.g. *Horne v. Potter,* 392 F. App'x 800, 802 (11th Cir. 2010) (*quoting* Fed. R. Evid. 201(b)); *see also Universal Express, Inc. v. Sec. & Exch. Comm.,* 177 F. App'x 52, 53 (11th Cir. 2006) ("Public records are among the permissible facts that a district court may consider."); *Henderson v. Sun Pharm. Indus., Ltd.,* 809 F. Supp. 2d 1373, 1379 (N.D. Ga. 2011) ("[T]he Court is permitted to take judicial notice of documents made publicly available by a government entity.").

Courts routinely consider materials like the Exhibits in determining a motion to dismiss. See, e.g., Bhatt v. Tech *Data Corp.,* 2018 WL 6504375, at *2 (M.D. Fla. Dec. 11, 2018) (holding, on a motion to dismiss, that "[t]he court 'must consider the complaint in its entirety, as well as … matters of which a court may take judicial notice'" (citations omitted). Moreover, it is well established that the court may consider public documents at the motion to dismiss stage without converting the motion to dismiss into a motion for summary judgment. *See Bouton v. Ocean Properties, Ltd.,* 201 F. Supp.3d 1341, 1345 (S.D. Fla. 2016) ("a court properly takes judicial notice of relevant public records in deciding a motion to dismiss, and consideration of such documents does not convert a motion to dismiss into one for summary judgment") (*citing Horne v. Potter,* 392 Fed. Appx. 800, 802 (11th Cir. 2010) and *Universal Express, Inc. v. U.S. S.E.C.,* 177 Fed.Appx. 52, 53 (11th Cir. 2006)); *Pozdol v. City of Miami*, 996 F. Supp.2d 1290, 1299, n. 14 (S.D. Fla. 2014) (considering a Department of Justice Letter as "a matter of public

record, of which the Court may take judicial notice and which the Court may consider when deciding on a motion to dismiss) (*further citations omitted*); *Eiras v. Florida*, 239 F. Supp. 3d 1331, 1342 (M.D. Fla. 2017) ("a court may take judicial notice of matter of public record…and consider those facts in resolving a motion to dismiss") (*further citation omitted*).

## II. Conclusion

As such, for the forgoing reasons, the Port respectfully requests that the Court take judicial notice of the Exhibits.

Respectfully submitted this 3rd day of December, 2021.

          */s/ Kevin S. Hennessy*
KEVIN S. HENNESSY, ESQUIRE
Florida Bar No. 0602558
NICOLE J. POOT, ESQUIRE
Florida Bar No. 0118858
LEWIS, LONGMAN & WALKER, P.A.
100 Second Avenue South, Suite 501-S
St. Petersburg, FL 33701
Telephone: (727) 245-0820
Facsimile: (727) 290-4057
Primary Email: khennessy@llw-law.com
          npoot@llw-law.com
Secondary Email: jbissette@llw-law.com
          jdavy@llw-law.com
*Counsel for Manatee County Port Authority*

# **CERTIFICATE OF SERVICE**

I HEREBY certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system, which provides notice to the following counsel of record, on this 3rd day of December, 2021:

Charles M. Tebbutt, Esq.
Daniel C. Snyder, Esq.
B. Parker Jones, Esq.
Law Offices of Charles M. Tebbutt, P.C.
941 Lawrence St.
Eugene, OR  97401
Tel: (541) 344-3505
Fax: (541) 344-3516
charlie@tebbuttlaw.com
dan@tebbuttlaw.com
parker@tebbuttlaw.com
*Co-Counsel for Plaintiffs*

Jaclyn Lopez, Esq.
Center for Biological Diversity
PO Box 2155
St. Petersburg, FL  33731
Tel: (727) 490-9190
jlopez@biologicaldiversity.org
*Co-Counsel for Plaintiffs*

Jesse L. Ray, Esq.
Jesse Lee Ray Attorney at Law, P.A.
13014 N. Dale Mabry Hwy., #315
Tampa, FL  33618-2808
jray@jesseleeray.com
efile@jesseleeray.com
Tel: (813) 443-9701
Fax: (866) 523-5468
*Counsel for HRK Holdings, LLC*

Justin Bloom, Esq.
PO Box 1028
Sarasota, FL 34230
Tel: (941) 275-2922
Bloomesq1@gmail.com
*Co-Counsel for Plaintiffs*

Nicolas J. P. Meros, Esq.
Deputy General Counsel
Executive Office of the Governor
The Capitol, PL-5
400 S. Monroe Street
Tallahassee, FL  32399
Nicholas.Meros@eog.myflorida.com
Gov.legal@eog.myflorida.com
Tel: (850) 717-9310
Fax: (850) 488-9810
*Counsel for Governor Ron DeSantis*

Jeffrey Brown, Esq.
Assistant General Counsel
Department of Envir. Protection
3900 Commonwealth Blvd., MS 35
Tallahassee, FL  32399-3000
Jeffrey.Brown@FloridaDEP.gov
Syndie.Kinsey@FloridaDEP.gov
DEP.Defense@FloridaDEP.gov
*Counsel for Shawn Hamilton, in his official capacity as Acting Secretary of the Florida Department of Environmental Protection*

　　　　　　　　　　　　　　　　　 */s/ Kevin S. Hennessy*
　　　　　　　　　　　　　　　　　　　KEVIN S. HENNESSY

01581829-1　　　　　　　　　　　　5