UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, TAMPA BAY WATERKEEPER, SUNCOAST WATERKEEPER, MANASOTA-88, and OUR CHILDREN'S EARTH FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>GOVERNOR RON DeSANTIS and SHAWN HAMILTON, in his official capacity as ACTING SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, HRK HOLDINGS, LLC And MANATEE COUNTY PORT AUTHORITY,<br><br>Defendants. | Case No.: 8:21-cv-001521 |

**MOTION FOR SANCTIONS PURSUANT TO RULE 11, FEDERAL RULES OF CIVIL PROCEDURE AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW, Defendant, MANATEE COUNTY PORT AUTHORITY ("MCPA") by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 11, hereby moves this Court for entry of an Order of Sanctions against Plaintiffs, CENTER FOR BIOLOGICAL DIVERSITY, TAMPA BAY WATERKEEPER, MANASOTA-88 and OUR CHILDREN'S EARTH FOUNDATION (collectively hereinafter "Plaintiffs") and as grounds thereof states as follows:

01544967-4

## INTRODUCTION

The MCPA respectfully moves for sanctions against the Plaintiffs and their attorneys because the Second Amended Complaint as alleged against the MCPA is not supported by the facts and is not warranted by existing law. Rule 11 of the Federal Rules of Civil Procedure requires attorneys to ensure that, prior to submitting any pleading, motion or other paper to the court that: (a) the claims are warranted by existing law; and (b) the factual contentions have evidentiary support or will likely have evidentiary support after reasonable investigation or discovery. Rule 11(b)(2-3) Fed. R. Civ. P. The MCPA initially provided the Plaintiffs with a response refuting their claims against the MCPA raised by their initial Notice of Claim, and subsequently provided the Plaintiffs with a "safe harbor letter" as required by Rule 11. Despite receiving more than clear and convincing notice from the MCPA, Plaintiffs refused to dismiss their action against the MCPA, necessitating the filing of this Motion. For the reasons set forth herein, the Court should enter an Order of Sanctions against Plaintiffs and award the MCPA its reasonable attorney's fees and costs.

## FACTUAL BACKGROUND

On May 17, 2021, Plaintiffs sent Defendants a notice of intent to sue letter alleging violations of the Resource Conservation and Recovery Act ("RCRA"), Clean Water Act ("CWA"), and Endangered Species Act ("ESA") at the Piney Point Phosphate Facility ("Piney Point"). These environmental laws require notice

Case 8:21-cv-01521-WFJ-CPT   Document 67   Filed 01/18/22   Page 3 of 16 PageID 1434

*Center For Biological Diversity, Tampa Bay Waterkeeper, Suncoast Waterkeeper, Manasota-88,
And Our Children's Earth Foundation v. Manatee County Port Authority, et. al.
US District Court, MD of FL Case No: 8:21-cv-001521*

before suit is filed. On July 14, 2021, Plaintiffs served their first Complaint under RCRA's citizen suit provision, 42 U.S.C § 6972(a)(1)(B), for an alleged violation of the statue giving rise to an alleged substantial endangerment to human health and the environment based on activities at Piney Point. The Complaint was filed prior to RCRA's notice period expiring. Plaintiffs sought to justify the failure to meet this jurisdictional requirement by alleging that the threat caused by the Defendants actions was such that it violated subchapter III of RCRA authorizing immediate suit after Defendants' receipt of the notice letter. Despite this claim, Plaintiffs subsequently abated the litigation to negotiate issues for over ninety days (90) solely with the Department with no apparent result. In response to the notice letter and Complaint, the MCPA provided Plaintiffs a letter outlining the reasons why the Plaintiffs' claims against the MCPA could not be maintained. Despite this information, Plaintiffs continued to pursue an action against the MCPA, and on August 12, 2021, Plaintiffs filed their Amended Complaint. On October 29. 2021, MCPA sent Plaintiffs a safe harbor letter pursuant to Federal Rule of Civil Procedure Rule 11 notifying Plaintiffs of the issues set forth herein. In response to MCPA's safe harbor letter and conferrals between MCPA and Plaintiffs, the Plaintiffs revised the Amended Complaint to remove certain inaccurate allegations identified. The Second Amended Complaint filed on November 19, 2021, however, continues to include an unsupportable cause of action against the MCPA alleging

Case 8:21-cv-01521-WFJ-CPT   Document 67   Filed 01/18/22   Page 4 of 16 PageID 1435

*Center For Biological Diversity, Tampa Bay Waterkeeper, Suncoast Waterkeeper, Manasota-88,
And Our Children's Earth Foundation v. Manatee County Port Authority, et. al.
US District Court, MD of FL Case No: 8:21-cv-001521*

a violation of RCRA despite clear documentation provided to the Plaintiffs that the allegations against MCPA under RCRA cannot be maintained.

Piney Point is a former phosphate fertilizer plant that ceased operations in the 1990s. As part of this operation, the site contained processing areas for products necessary for the manufacture of fertilizer including a phosphoric acid plant. Phosphoric acid production involves the use of an acidic solution to separate phosphorus from phosphate-containing rock. A waste byproduct of this process is phosphogypsum. The phosphogypsum was discarded in piles on the site and allowed to dry. Over time these piles of phosphogypsum became very large stacks, over seventy feet high. A problem with these stacks is that they can be unstable particularly due to heavy rainfalls. Piney Point has two (2) large phosphogypsum stacks that were covered with a liner as part of FDEP's cleanup efforts at the site. In addition, Piney Point has multiple large, lined reservoirs that contain process wastewater left over from the phosphate fertilizer manufacturing operations. Rainwater also accumulates in these reservoirs and mixes with the wastewater. In March 2021, a leak was discovered in one of these process water impoundment areas causing the embankments to become unstable. To prevent a collapse of the stacks, with potential disastrous consequences to adjacent properties, FDEP and HRK determined that it was necessary to discharge process water from these impoundment areas offsite to Tampa Bay through a decant line that runs across

Case 8:21-cv-01521-WFJ-CPT   Document 67   Filed 01/18/22   Page 5 of 16 PageID 1436

*Center For Biological Diversity, Tampa Bay Waterkeeper, Suncoast Waterkeeper, Manasota-88,
And Our Children's Earth Foundation v. Manatee County Port Authority, et. al.
US District Court, MD of FL Case No: 8:21-cv-001521*

MCPA property. The discharges were authorized by an executive order of the FDEP requiring cooperation by HRK, the MCPA, and local governments.

The MCPA is a deep-water seaport that is located adjacent to Piney Point. The MCPA has never owned, operated, or had regulatory authority over Piney Point, nor any authorization or role in the State's closure or cleanup efforts at the site. Piney Point is owned and operated by Defendant, HRK Holdings, LLC ("HRK") under the regulatory supervision of Defendant, FDEP – the State environmental agency. FDEP has overseen cleanup efforts at Piney Point for over two decades. The MCPA's sole involvement at Piney Point relates to a Dredged Materials Containment Agreement referenced in the Amended Complaint and its subsequent amendments ("DMCA") entered between HRK and the MCPA and authorized by FDEP. The DMCA and amendments thereto are attached hereto as **Exhibit "A."** Pursuant to the DMCA, in 2011, the MCPA sent dredged materials generated from one of its dredging projects to Piney Point where the materials were placed on top of the lined stacks and one reservoir to form a protective barrier over the liners. Once the dredged material was sent to Piney Point, pursuant to the DMCA, HRK became the exclusive owner of the dredged materials. See DMCA par. 6. The dredged materials did not consist of hazardous substances or substances that have hazardous characteristics. All activity engaged in by the MCPA under the DMCA was approved by all necessary government authorities.

*Center For Biological Diversity, Tampa Bay Waterkeeper, Suncoast Waterkeeper, Manasota-88, And Our Children's Earth Foundation v. Manatee County Port Authority, et. al.*
*US District Court, MD of FL Case No: 8:21-cv-001521*

# **MEMORANDUM OF LAW**

The MCPA, pursuant to Middle District Local Rule 3.01, files this memorandum of legal authority in support of its Motion for Sanctions.

## **Argument**

### I.  **Legal Standard Under Federal Rule of Civil Procedure 11**

1. Federal Rule of Civil Procedure 11(b) provides the following:

> By presenting to the court a . . . motion, . . . an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

2. Appropriate sanctions are required where an attorney or party submits a pleading to the court that:

> (1) is not well grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose.

*Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002)(internal citations omitted).

Case 8:21-cv-01521-WFJ-CPT   Document 67   Filed 01/18/22   Page 7 of 16 PageID 1438

*Center For Biological Diversity, Tampa Bay Waterkeeper, Suncoast Waterkeeper, Manasota-88,
And Our Children's Earth Foundation v. Manatee County Port Authority, et. al.
US District Court, MD of FL Case No: 8:21-cv-001521*

3. The objective standard for assessing conduct under Rule 11 is "reasonableness under the circumstances" and "what [it] was reasonable to believe at the time" the pleading was submitted. *Id.*

4. If the Court determines that Rule 11 has been violated, the Court may impose sanctions upon the attorney, law firm, or party that violated the Rule. Rule 11(c)(1) Fed. R. Civ. P. Specifically, "under Rule 11, a district Judge 'shall' or must impose sanctions for a violation." *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993). "In determining whether sanctions are appropriate, a court must ask, first, whether the parties' claims are objectively frivolous, and second, whether the person who signed the pleadings should have been aware that they were frivolous." *Rogers v. Nacchio*, 241 F.App'x 602, 610 (11th Cir. 2007). Subsection (c) of Rule 11 permits a district court to impose sanctions against a party who files pleadings that contain factual contentions that the party knows to be untrue. Fed. R. Civ. P. 11(c). It also allows for sanctions to be imposed against a party or its attorney for failing to "engage in a reasonable inquiry to determine that the information presented to the court is true." *Logan v. Chestnut*, 332. F. App'x 547, 547 (11th Cir. 2009) (citing Fed. R. Civ. P. 11(b)); *Worldwide Primates Inc. v. McGreal*, 87 F.3d 1252 (11th Cir. 1996) (affirming award of sanctions against plaintiff and his attorney pursuant to Rule 11 where the claim was objectively frivolous, and the attorney failed to make a reasonable inquiry into the legal and factual basis of the claim).

Case 8:21-cv-01521-WFJ-CPT   Document 67   Filed 01/18/22   Page 8 of 16 PageID 1439

*Center For Biological Diversity, Tampa Bay Waterkeeper, Suncoast Waterkeeper, Manasota-88,
And Our Children's Earth Foundation v. Manatee County Port Authority, et. al.
US District Court, MD of FL Case No: 8:21-cv-001521*

5.  An attorney cannot rely solely upon representations made to them by a client and must make a reasonable inquiry into both the legal and factual basis of a claim prior to filing suit. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1255 (11th Cir. 1996). What constitutes "reasonable inquiry" depends on factors such as the amount of time available for investigation, whether there was no choice but to rely upon a client for information and whether the signor depended upon forwarding counsel or another member of the bar. *Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir. 1987).

6.  The duty of counsel and parties to withdraw unsupported claims runs beyond the initial filing as Rule 11 (b) specifically applies to claims presented to the court "whether by signing, filing, submitting or **_later advocating it_**". (*Emphasis added*). Sanctions are warranted when a party exhibits a "deliberate indifference to obvious facts," but not when the party's evidence to support a claim is "merely weak." *Riccard*, 307 F. 3d at 1294.

## II. The Plaintiffs Amended Complaint Against the MCPA is Unsupported by Existing Law

7.  RCRA's primary purpose is "to reduce the generation of hazardous waste and to ensure the proper treatment, storage and disposal of that waste which is nonetheless generated, 'so as to minimize the present and future threat to human health and the environment.'" *Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 483 (1996) (quoting 42 U.S.C. § 6902(b)). Accordingly, RCRA establishes a "cradle to

Case 8:21-cv-01521-WFJ-CPT   Document 67   Filed 01/18/22   Page 9 of 16 PageID 1440

*Center For Biological Diversity, Tampa Bay Waterkeeper, Suncoast Waterkeeper, Manasota-88, And Our Children's Earth Foundation v. Manatee County Port Authority, et. al.*
*US District Court, MD of FL Case No: 8:21-cv-001521*

grave" regulatory scheme for wastes it deems to be "hazardous." Nonhazardous wastes are less stringently regulated under RCRA as "solid waste." *City of Chicago v. Environmental Def Fund*, 511 U.S. 328, 331-32 (1994).

8. Citizens may bring suit to enforce RCRA's provisions. Section 7002 of RCRA authorizes any person who has provided the statutorily prescribed notice of intent to sue to commence a civil action:

> against any person, including the United States ... who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment ...

42 U.S.C. § 6972(a)(1)(B).

9. As such, to prevail under RCRA's citizen suit provision in 42 U.S.C. § 6972(a)(1)(B), the plaintiff must prove: (1) that defendant is a person, including, but not limited to, one who was or is a generator or transporter of solid or hazardous waste or one who was or is an owner or operator of a solid or hazardous waste treatment, storage, or disposal facility; (2) that defendant has contributed to or is contributing to handling, storage, treatment, transportation, or disposal of solid or hazardous waste; **and** (3) that solid or hazardous waste may present imminent and substantial endangerment to health or the environment. Solid Waste Disposal Act, § 7002(a)(1)(B), as amended, 42 U.S.C § 6972(a)(1)(B) (*emphasis added*).

Case 8:21-cv-01521-WFJ-CPT   Document 67   Filed 01/18/22   Page 10 of 16 PageID 1441

*Center For Biological Diversity, Tampa Bay Waterkeeper, Suncoast Waterkeeper, Manasota-88, And Our Children's Earth Foundation v. Manatee County Port Authority, et. al.*
*US District Court, MD of FL Case No: 8:21-cv-001521*

10. Here, the MCPA is simply not a proper party in this litigation – something the MCPA informed the Plaintiffs of before the Amended Complaint was filed, in its safe harbor letter, and in its Motion to Dismiss filed on December 3, 2021. The MCPA is not a party who has contributed or who is contributing[1] to the handling, storage, treatment, transportation, or disposal of any solid or hazardous waste, which may present an imminent and substantial endangerment to human health or the environment.

11. The Plaintiffs cannot support an allegation that the dredged materials created an immediate and substantial endangerment that would subject the MCPA to liability under RCRA for several reasons. First, the dredged material does not qualify as a solid or hazardous waste under RCRA. *See* e.g. *Oklahoma v. Tyson Foods, Inc.,* No. 05-CV-0329-GKF-PJC, 2010 WL 653032, at *10 (N.D. Okla. Feb. 17, 2010) ("[i]n determining whether a material is a 'beneficial' product or a RCRA solid waste, courts have examined whether the material has market value, and whether the party intended to throw the material away or put it to a beneficial use"); and, 40 CFR § 261.4(g) (dredged materials are not considered "hazardous

---

[1] "While courts have broadly interpreted "contributing to" as meaning "to have a share in any act or effect", passive conduct, such as merely failing to remediate or prevent migration of contaminants, fails to satisfy the "contributing to" requirement. See, e.g., *Delaney v. Town of Carmel*, 55 F. Supp. 2d 237, 256 (S.D.N.Y. 1999) ("The term [contributed to] has been universally held to infer something more than mere ownership of a site; some level of causation between the contamination and the party to be held liable must be established."); *SPS Ltd. Partnership, LLLP v. Severstal Sparrows Point*, LLC, 808 F. Supp. 2d 794, 807 (D. Md. 2011) (dismissing RCRA count based on the fact defendant was passive subsequent owner who acquired site after disposal at issue ceased). The failure of the containment areas at Piney Point in 2021, and the decision to release the water from the site is far removed from the limited involvement the MCPA had in 2011 essentially to provide the site with fill with express authorization from the property owner, HRK, and the regulatory authority, FDEP.

Case 8:21-cv-01521-WFJ-CPT   Document 67   Filed 01/18/22   Page 11 of 16 PageID 1442

*Center For Biological Diversity, Tampa Bay Waterkeeper, Suncoast Waterkeeper, Manasota-88, And Our Children's Earth Foundation v. Manatee County Port Authority, et. al.*
*US District Court, MD of FL Case No: 8:21-cv-001521*

wastes" under RCRA where there is a valid 404 Clean Water Act permit).[2] Here the dredged materials were placed at Piney Point for the beneficial purpose of providing cover for the exposed liners.

12. Second, the dredged materials presented no imminent or substantial endangerment to health, or the environment at the time they were placed at the site. *Crandall v. City & Cty. of Denver, Colo.*, 594 F.3d 1231, 1238 (10th Cir. 2010) (a vague possibility of future harm cannot satisfy RCRA, which applies to dangers that are both "imminent and substantial."). After extensive evaluation by the MCPA, FDEP, HRK, and the US Army Corps of Engineers, all determined that there was at best a *de minimis* risk of the dredged materials ever leaving the containment areas.[3] Moreover, once the dredged materials were placed at Piney Point, HRK became the exclusive owner of the dredged materials pursuant to the DMCA. Therefore, to the extent a hazardous waste now exists at the Piney Point site based on activities that have occurred after the dredging activities took place, the MCPA bears no responsibility or liability for its creation or its release. In addition, the dredged materials were placed on top of the liners as a means of protection. The dredged materials were part of the solution to close the site.[4] The

---

[2] The MCPA had a valid 404 permit for the dredging activity that resulted in materials being placed at Piney Point; another reason why the dredged material is not considered a hazardous waste.

[3] Courts have held that where alleged risk of harm is remote in time, speculative, or de minimis, the threshold for an imminent and substantial endangerment is not met. *See, e.g., Maine People's Alliance and Natural Resources Defense Council v. Mallinckrodt, Inc.*, 471 F.3d 277 (1st Cir. 2006).

[4] Courts have routinely found that material being used for a beneficial purpose is not being "discarded" such that it becomes "solid waste" subject to RCRA regulation. *See Delaware Riverkeeper Network*, 2017 WL 2829603, at *22 ("a common-sense reading of words like "discard," "disposal," and "abandon" connotes that the material is not being applied for a beneficial or intentional purpose."); *Am. Petroleum Inst. v. EPA*,

Case 8:21-cv-01521-WFJ-CPT   Document 67   Filed 01/18/22   Page 12 of 16 PageID 1443

*Center For Biological Diversity, Tampa Bay Waterkeeper, Suncoast Waterkeeper, Manasota-88,
And Our Children's Earth Foundation v. Manatee County Port Authority, et. al.*
*US District Court, MD of FL Case No: 8:21-cv-001521*

MCPA cannot be liable under RCRA where it acted pursuant to the direction of the state environmental regulatory agency as part of the State's remedial efforts at the site.

13. Third, the Plaintiffs claims against the MCPA are attempting to extend the application of RCRA to a situation that is expressly regulated under section 404 of the Clean Water Act ("CWA") and thus prohibited under RCRA's anti-duplication provision. See e.g., 42 U.S.C. § 6905.

14. Fourth, because the dredged material, which consisted of sand, clay, and seawater is not a solid or hazardous waste, to the extent it comingled with the phosphogypsum as alleged, it did not remove the phosphogypsum and process water's exempt status pursuant to 40 C.F.R 261.4(b)(7)(ii)(D) and 261.4 (b)(7)(ii)(P).

15. Fifth, the injunctive relief requested by the Plaintiffs is not available against the MCPA. The Plaintiffs seek injunctive relief against the MCPA, when the MCPA has no role in the activities the Plaintiffs seek to enjoin.

---

216 F.3d 50, 55-56 (D.C.Cir.2000) ([m]aterial is considered to be "discarded" where it is disposed of, thrown away or abandoned); *see also Am. Mining Congress v. EPA*, 824 F.2d 1177, 1183-84 (D.C.Cir.1987) ("[t]he ordinary, plain-English meaning of the word 'discarded' is 'disposed of,' 'thrown away' or 'abandoned.'"); *Oklahoma v. Tyson Foods, Inc., No.* 05-CV-0329-GKF-PJC, 2010 WL 653032, at *10 (N.D. Okla. Feb. 17, 2010) ("[i]n determining whether a material is a 'beneficial' product or a RCRA solid waste, courts have examined whether the material has market value, and whether the party intended to throw the material away or put it to a beneficial use"); *Krause v. City of Omaha*, No. 8:15CV197, 2015 WL 5008657, at *4 (D. Neb. Aug. 19, 2015) (*citing Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 206 (2d Cir. 2009) ([w]hen the materials in question were "applied for a specific use" and were used to "effectuate their intended purposes," that "they were not discarded under the RCRA.").

Case 8:21-cv-01521-WFJ-CPT   Document 67   Filed 01/18/22   Page 13 of 16 PageID 1444

*Center For Biological Diversity, Tampa Bay Waterkeeper, Suncoast Waterkeeper, Manasota-88, And Our Children's Earth Foundation v. Manatee County Port Authority, et. al.*
*US District Court, MD of FL Case No: 8:21-cv-001521*

16. Finally, RCRA's citizen suit provision under which Plaintiffs proceed explicitly prohibits an action regarding the siting or permitting of a waste treatment, storage or disposal facility. 42 U.S.C. § 6972(b)(2)(D). FDEP designated Piney Point as an appropriate upland facility to depose of the dredged materials. As such, Plaintiffs claims amount to a collateral attack on FDEP's siting of the facility and are barred pursuant to RCRA.

17. When an attorney signs and presents pleadings to a district court, the attorney certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, warranted by existing law, and is not presented for any improper purpose. Fed. R. Civ. P. 11(a),(b); *see also iParametrics, LLC v. Howe,* 522 Fed. Appx. 737, 739 (11th Cir. 2013); *Baker,* 158 F.3d at 524. In this case, the Plaintiffs and their counsel failed to properly investigate their claims against the MCPA and the existing law on this subject following the MCPA's response to the Notice of Intent to Sue. As explained above, the applicable law (RCRA) and the factual circumstances and documents made known and available to the Plaintiffs simply cannot support Plaintiffs' claims against the MCPA, and as such, sanctions under Rule 11 are warranted. See, *Baker v. Alderman*, 150 F.R.D. 202, 208 (M.D. Fla. 1993) ("Where it is patently clear that a claim has absolutely no chance of success under existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands, Rule 11 has been violated.").

Case 8:21-cv-01521-WFJ-CPT   Document 67   Filed 01/18/22   Page 14 of 16 PageID 1445

*Center For Biological Diversity, Tampa Bay Waterkeeper, Suncoast Waterkeeper, Manasota-88,*
*And Our Children's Earth Foundation v. Manatee County Port Authority, et. al.*
*US District Court, MD of FL Case No: 8:21-cv-001521*

### III.  CONCLUSION

18.  Plaintiff's claims do not remotely pass muster under Rule 11. Maintaining these claims despite the clear law adverse to Plaintiffs' alleged cause of action is sanctionable.

WHEREFORE, based upon the foregoing, the MCPA respectfully requests this Court enter an Order of sanctions in favor of the MCPA and against Plaintiffs and their Counsel, and award the MCPA its attorney's fees and costs incurred in the above-styled action and award such other relief as the Court deems appropriate.

Respectfully submitted this 18th day of January, 2022.

    */s/ Kevin S. Hennessy*
KEVIN S. HENNESSY, ESQUIRE
Florida Bar No. 0602558
NICOLE J. POOT, ESQUIRE
Florida Bar No. 0118858
LEWIS, LONGMAN & WALKER, P.A.
100 Second Avenue South, Suite 501-S
St. Petersburg, FL 33701
Telephone: (727) 245-0820
Facsimile: (727) 290-4057
Primary Email: khennessy@llw-law.com
    npoot@llw-law.com
Secondary Email: jbissette@llw-law.com
    jdavy@llw-law.com
*Counsel for Manatee County Port Authority*

*Center For Biological Diversity, Tampa Bay Waterkeeper, Suncoast Waterkeeper, Manasota-88, And Our Children's Earth Foundation v. Manatee County Port Authority, et. al.*
*US District Court, MD of FL Case No: 8:21-cv-001521*

## LOCAL RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g), counsel for MCPA certifies that it conferred with counsel for Plaintiffs concerning the relief sought in this Motion. Counsel for Plaintiff objects to MCPA's Motion and the requested relief in its entirety.

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system, which provides notice to the following counsel of record, on this 18th day of January , 2022:

| | |
|---|---|
| Charles M. Tebbutt, Esq.<br>Daniel C. Snyder, Esq.<br>B. Parker Jones, Esq.<br>Law Offices of Charles M. Tebbutt, P.C.<br>941 Lawrence St.<br>Eugene, OR  97401<br>Tel: (541) 344-3505<br>Fax: (541) 344-3516<br>charlie@tebbuttlaw.com<br>dan@tebbuttlaw.com<br>parker@tebbuttlaw.com<br>*Co-Counsel for Plaintiffs*<br><br>Jaclyn Lopez, Esq.<br>Center for Biological Diversity<br>PO Box 2155<br>St. Petersburg, FL  33731<br>Tel: (727) 490-9190<br>jlopez@biologicaldiversity.org<br>*Co-Counsel for Plaintiffs* | Justin Bloom, Esq.<br>PO Box 1028<br>Sarasota, FL 34230<br>Tel: (941) 275-2922<br>Bloomesq1@gmail.com<br>*Co-Counsel for Plaintiffs*<br><br>Nicolas J. P. Meros, Esq.<br>Deputy General Counsel<br>Executive Office of the Governor<br>The Capitol, PL-5<br>400 S. Monroe Street<br>Tallahassee, FL  32399<br>Nicholas.Meros@eog.myflorida.com<br>Gov.legal@eog.myflorida.com<br>Tel: (850) 717-9310<br>Fax: (850) 488-9810<br>*Counsel for Governor Ron DeSantis* |

*Center For Biological Diversity, Tampa Bay Waterkeeper, Suncoast Waterkeeper, Manasota-88, And Our Children's Earth Foundation v. Manatee County Port Authority, et. al.*
*US District Court, MD of FL Case No: 8:21-cv-001521*

| | |
|---|---|
| Jesse L. Ray, Esq. | Jeffrey Brown, Esq. |
| Jesse Lee Ray Attorney at Law, P.A. | Assistant General Counsel |
| 13014 N. Dale Mabry Hwy., #315 | Department of Envir. Protection |
| Tampa, FL  33618-2808 | 3900 Commonwealth Blvd., MS 35 |
| jray@jesseleeray.com | Tallahassee, FL  32399-3000 |
| efile@jesseleeray.com | Jeffrey.Brown@FloridaDEP.gov |
| Tel: (813) 443-9701 | Syndie.Kinsey@FloridaDEP.gov |
| Fax: (866) 523-5468 | DEP.Defense@FloridaDEP.gov |
| *Counsel for HRK Holdings, LLC* | *Counsel for Shawn Hamilton, in his official capacity as Acting Secretary of the Florida Department of Environmental Protection* |

                        */s/ Kevin S. Hennessy*
                     KEVIN S. HENNESSY, ESQUIRE
                     Florida Bar No. 0602558