IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTER FOR BIOLOGICAL DIVERSITY,
TAMPA BAY WATERKEEPER, SUNCOAST
WATERKEEPER, MANASOTA-88, and
OUR CHILDREN'S EARTH FOUNDATION,

    Plaintiffs,

v.

GOVERNOR RON DeSANTIS
and
SHAWN HAMILTON, in his official capacity
as ACTING SECRETARY, FLORIDA
DEPARTMENT OF ENVIRONMENTAL
PROTECTION,
and
HRK HOLDINGS, LLC
and
MANATEE COUNTY PORT AUTHORITY,

    Defendants.

Case No.: 8:21-cv-001521

**DEFENDANT, MANATEE COUNTY PORT AUTHORITY'S
NOTICE OF JOINDER IN FDEP'S MOTION TO STAY AND GOVERNER
DESANTIS' MOTION TO STAY**

    COMES NOW, Defendant, MANATEE COUNTY PORT AUTHORITY (the "MCPA") by and through its undersigned counsel, respectfully files its Notice of Joinder in Defendants, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION's and GOVERNOR RON DeSANTIS' Motion to Stay (collectively the "Motions") filed December 3, 2021, and in support thereof states as follows:

## Introduction

MCPA has moved to dismiss this action in its entirety, Doc. 56 ("MCPA MTD"), and respectfully submits that the Court should grant that motion for the reasons stated therein. Should the Court deny that motion, however, MCPA respectfully moves for a stay of the entire action. Such a stay would be appropriate under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), or under this Court's inherent authority. Because the same issues are raised in pending state actions, complete relief can be (if it has not already been) provided through the pending state actions, and a stay would conserve judicial resources and avoid the risk of inconsistent rulings.

## Procedural Background

On June 24, 2021, Plaintiffs filed their Complaint for declaratory and injunctive relief in the United States District Court for the Middle District of Florida, Tampa Division. On July 14, 2021, the MCPA was served with Plaintiffs' Complaint. The Complaint consisted of one count pursuant to the Resource Conservation and Recovery Act ("RCRA") citizen suit provision, 42 U.S.C § 6972(a)(1)(B). The Complaint alleges that the MCPA violated RCRA by transporting dredged materials and placing the materials on the phosphogypsum stacks at the Piney Point facility.

On August 12, 2021, the Plaintiffs filed their Amended Complaint for declaratory and injunctive relief. The Amended Complaint added a second count

and a third count alleged in the alternative pursuant to the CWA. While allegations under the CWA are potentially directed at the MCPA the request for relief is clearly directed only against FDEP and HRK, and Plaintiffs have confirmed in response to inquiry from the MCPA that the CWA claims are not intended against the MCPA.

On November 19, 2021, the Plaintiffs filed their Second Amended Complaint for declaratory and injunctive relief (the "Second Amended Complaint"). The Second Amended Complaint was revised to remove certain allegations against the MCPA following action taken by the MCPA.

On December 3, 2021, MCPA filed its Motion to Dismiss Plaintiffs' Second Amended Complaint. Doc. 56. On the same date the other defendants filed their Motions to Dismiss. Doc. 51; Doc 54; Doc 55. In addition, FDEP filed its Motion to Stay, which was also joined by Governor DeSantis in his Motion to Dismiss. Doc 53; See also Doc. 55, p. 19. As fully explained in FDEP's Motion to Stay, a stay in this matter is consistent both with (1) the principles outlined in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976), and (2) the factors that federal district courts consider when exercising their inherent power to stay proceedings.

## **Memorandum of Law**

In the absence of dismissal for the reasons set forth in the MCPA's Motion to Dismiss, the MCPA requests a stay in the present matter and adopts, incorporates, and joins in FDEP's Motion to Stay in its entirety. The grounds and requested relief set forth in FDEP's Motion to Stay is equally applicable and

compelling for the MCPA. FDEP is the agency with authority over the State's environmental resources. Part of its authority includes regulating sites like Piney Point and conducting enforcement actions against violators of Florida's environmental laws. FDEP has commenced enforcement actions against HRK Holdings, LLC, the property owner, in state court pursuant to this authority. See Doc 53, p. 2-3. These FDEP brought state court actions seek relief that moots the claims for relief being brought by the Plaintiffs here. Plaintiffs seek injunctive relief concerning shutting down HRK's operation of Piney Point and cleanup of the site, action already well underway in FDEP's state court cases. As also explained in the MCPA's Motion to Dismiss, the MCPA is not presently involved at the Piney Point facility and is neither an owner nor an operator of the facility. The MCPA's limited involvement at the site was over a decade ago, and an activity for which the MCPA received permits from all requisite government entities. Plaintiffs' attempt to involve the MCPA in current activities at Piney Point is inconsistent with the site remediation plan selected by the FDEP the state agency with authority to regulate and take enforcement at the site.  As such, a stay of the proceedings for the reasons raised in FDEP's Motion for Stay is appropriate.

## Conclusion

For the foregoing reasons, MCPA adopts, incorporates and joins in the FDEP and Governor DeSantis' December 3, 2021 Motions to Stay (Docs. 53 and 55).

Respectfully submitted this 18th day of January, 2022.

                                        */s/ Kevin S. Hennessy*
KEVIN S. HENNESSY, ESQUIRE
Florida Bar No. 0602558
NICOLE J. POOT, ESQUIRE
Florida Bar No. 0118858
LEWIS, LONGMAN & WALKER, P.A.
100 Second Avenue South, Suite 501-S
St. Petersburg, FL 33701
Telephone: (727) 245-0820
Facsimile: (727) 290-4057
Primary Email: khennessy@llw-law.com
                      npoot@llw-law.com
Secondary Email: jbissette@llw-law.com
                        jdavy@llw-law.com
*Counsel for Manatee County Port Authority*

## CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system, which provides notice to the following counsel of record, on this 18th day of January, 2022:

| | |
|---|---|
| Charles M. Tebbutt, Esq.<br>Daniel C. Snyder, Esq.<br>B. Parker Jones, Esq.<br>Law Offices of Charles M. Tebbutt, P.C.<br>941 Lawrence St.<br>Eugene, OR  97401<br>Tel: (541) 344-3505<br>Fax: (541) 344-3516<br>charlie@tebbuttlaw.com<br>dan@tebbuttlaw.com<br>parker@tebbuttlaw.com<br>*Co-Counsel for Plaintiffs*<br><br>Jaclyn Lopez, Esq.<br>Center for Biological Diversity<br>PO Box 2155 | Justin Bloom, Esq.<br>PO Box 1028<br>Sarasota, FL 34230<br>Tel: (941) 275-2922<br>Bloomesq1@gmail.com<br>*Co-Counsel for Plaintiffs*<br><br>Nicolas J. P. Meros, Esq.<br>Deputy General Counsel<br>Executive Office of the Governor<br>The Capitol, PL-5<br>400 S. Monroe Street<br>Tallahassee, FL  32399<br>Nicholas.Meros@eog.myflorida.com<br>Gov.legal@eog.myflorida.com<br>Tel: (850) 717-9310 |

| | |
|---|---|
| St. Petersburg, FL  33731<br>Tel: (727) 490-9190<br>jlopez@biologicaldiversity.org<br>*Co-Counsel for Plaintiffs* | Fax: (850) 488-9810<br>*Counsel for Governor Ron DeSantis* |
| | Jeffrey Brown, Esq.<br>Assistant General Counsel |
| Jesse L. Ray, Esq.<br>Jesse Lee Ray Attorney at Law, P.A.<br>13014 N. Dale Mabry Hwy., #315<br>Tampa, FL  33618-2808<br>jray@jesseleeray.com<br>efile@jesseleeray.com<br>Tel: (813) 443-9701<br>Fax: (866) 523-5468<br>*Counsel for HRK Holdings, LLC* | Department of Envir. Protection<br>3900 Commonwealth Blvd., MS 35<br>Tallahassee, FL  32399-3000<br>Jeffrey.Brown@FloridaDEP.gov<br>Syndie.Kinsey@FloridaDEP.gov<br>DEP.Defense@FloridaDEP.gov<br>*Counsel for Shawn Hamilton, in his official capacity as Acting Secretary of the Florida Department of Environmental Protection* |

                    /s/ *Kevin S. Hennessy*
                    KEVIN S. HENNESSY