IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, TAMPA BAY WATERKEEPER, SUNCOAST WATERKEEPER, MANASOTA-88, *and* OUR CHILDREN'S EARTH FOUNDATION,<br><br>  *Plaintiffs*,<br><br>  *v.*<br><br>GOVERNOR RON DeSANTIS,<br><br>*and* SHAWN HAMILTON, *in his official capacity as* ACTING SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, *and* HRK HOLDINGS, LLC, *and* MANATEE COUNTY PORT AUTHORITY,<br><br>  *Defendants*. | Case No. 8:21-cv-1521-WFJ-CPT<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS FOR JUDICIAL NOTICE, ECF NOS. 52 & 57**<br><br>AND<br><br>**PLAINTIFFS' CROSS-MOTION FOR JUDICIAL NOTICE** |

Plaintiffs respectfully submit the following Response and Cross-Motion to Defendants Secretary Shawn Hamilton's (hereinafter referred to as "FDEP") and Manatee County Port Authority's ("MCPA") Motions for Judicial Notice, ECF Nos. 52 and 57, respectively.

### Response to Defendants' Motions for Judicial Notice

While Defendants did not seek Plaintiffs' position on their motions to this Court to take judicial notice of certain records pursuant to L.R. 3.01(g), Plaintiffs do not oppose those motions and request the Court to take judicial notice of similar agency and court records Plaintiffs file herewith.

## Cross-Motion for Judicial Notice

Plaintiffs respectfully request that the Court also take judicial notice of the records identified below.

## Index of Exhibits Submitted for Judicial Notice

| Exhibit No. | Title |
| --- | --- |
| **Exhibit 1** | Piney Point Phosphates, Inc.'s Petition for Formal Administrative Proceedings, dated February 7, 2001, Case No. 01-0723.<br><br>Obtained from State of Florida, Division of Administrative Hearings public online database. |
| **Exhibit 2** | Nineteenth Request for Continuance, *Mulberry Phosphates, Inc. & Piney Point Phosphates, Inc. v. Department of Environmental Protection*, Case Nos. 01-0722 & 01-0723.<br><br>Obtained from State of Florida, Division of Administrative Hearings public online database. |
| **Exhibit 3** | Agreed Motion to Relinquish Jurisdiction, *Mulberry Phosphates, Inc. & Piney Point Phosphates, Inc. v. Department of Environmental Protection*, Case Nos. 01-0722 & 01-0723.<br><br>Obtained from State of Florida, Division of Administrative Hearings public online database. |
| **Exhibit 4** | Order Closing Case, *Mulberry Phosphates, Inc. & Piney Point Phosphates, Inc. v. Department of Environmental Protection*, Case Nos. 01-0722 & 01-0723.<br><br>Obtained from State of Florida, Division of Administrative Hearings public online database. |
| **Exhibit 5** | Excerpts from Florida Department of Environmental Protection's "Piney Point Updates Archive," publicly available at: <https://protectingfloridatogether.gov/PineyPointUpdate>. |
| **Exhibit 6** | Public Records Obtained from U.S. Army Corps of Engineers Under Freedom of Information Act, Request #FOIA FP-21-028517:<br><br>- April 17, 2009 Letter from Corps to David McDonald, Executive Director, MCPA. |

|  | - September 4, 2008 Memorandum For Record, Meeting with Port Manatee on 3 September 2008.<br><br>- April 25, 2008 Letter from MCPA to Corps Regarding Prior Dredge Disposal Site. |
|---|---|
| **Exhibit 7** | November 16, 2009 Letter from Jack Rintoul, Deputy District Engineer, U.S. Army Corps of Engineers, to David McDonald, Executive Director, MCPA.<br><br>Obtained from Orange County Circuit Court's public records from Case No. 2013-CA-000098-O, *HRK Holdings, LLC v. Ardaman & Associates, Inc., et al.* |
| **Exhibit 8** | April 18, 2011 Letter from Jo-Ellen Darcy, Assistant Secretary of the Army (Civil Works), to David McDonald, Executive Director, MCPA.<br><br>Obtained from Orange County Circuit Court's public records from Case No. 2013-CA-000098-O, *HRK Holdings, LLC v. Ardaman & Associates, Inc., et al.* |

**Memorandum of Law**

All exhibits filed herewith are public records from state and federal agencies, or copies of public documents filed with the State of Florida Department of Administrative Hearings. Such documents are routinely judicially noticed by the courts. "A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Universal Express, Inc. v. United States SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)). Public records are among the permissible facts that a district court may consider. *Id*. (citing *Stahl v. U.S. Dep't of Agric.*, 327 F.3d

697, 700 (8th Cir. 2003)); *see also Henderson v. Sun Pharm. Indus., Ltd.*, 809 F. Supp. 2d 1373, 1379 n. 4. (N.D. Ga. 2011) ("The Court is permitted to take judicial notice of documents made publicly available by a government entity.") (citing *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010)).

Exhibits 1-4 are public case files obtained from the State of Florida's Department of Administrative Hearings online database. They concern the expiration of the previous Piney Point National Pollutant Discharge Elimination System permit under the CWA. These records are properly subject to judicial notice. *Crenshaw v. City of Defuniak Springs*, 2013 U.S. Dist. LEXIS 185272, at *5 n. 1 (N.D. Fla. Oct. 29, 2013) ("The court takes judicial notice of information available on the database maintained by the State of Florida Division of Administrative Hearings").

Exhibit 5 are PDF excerpts of FDEP's public statements on its website concerning Piney Point: https://protectingfloridatogether.gov/PineyPointUpdate. FDEP cited this website in its Motion to Dismiss. ECF No. 51 at 19 n. 13. These excerpts, which can also be found on the website, outline the types of actions FDEP has taken at Piney Point that evidence its role as an operator. They are properly subject to judicial notice. *See In re Everglades Island Boat Tours, LLC*, 484 F. Supp. 2d 1259, 1261 (M.D. Fla. 2007) (taking judicial notice of the "internet pages" of the South Florida Water Management District); *Mitchell v. Nix*, 2007 U.S. Dist. LEXIS 16509, at *12 (N.D. Ga. Mar. 8, 2007).

Exhibit 6 contains two letters from the U.S. Army Corps of Engineers ("Corps") to MCPA concerning official Corps activities, namely whether disposing

dredged waste at Piney Point was subject to a § 404 permit under the Clean Water Act, and a letter from MCPA to the Corps. These records were obtained from the Corps in response to Freedom of Information Act Request #FOIA FP-21-028517. The records directly respond to the incomplete documents provided by MCPA concerning its disposal activities at Piney Point, its claim that such activities were subject to a CWA § 404 permit, and the reason why MCPA sought to utilize Piney Point in the first place. *See* ECF Nos. 56-4, 56-5. Records from public agencies concerning their official duties are properly subject to judicial notice. *See Charles v. Underhill Staffing Health Serv.*, 2021 U.S. Dist. LEXIS 42332, at *43-44 (M.D. Fla. Jan. 28, 2021); *Pozdol v. City of Miami*, 996 F. Supp. 2d 1290, 1299 n. 14 (S.D. Fla. 2014) (taking judicial notice of letter from U.S. Department of Justice); *Gonzalez v. Bayer Healthcare Pharm., Inc.*, 930 F. Supp. 2d 808, 811 (S.D. Tex. 2013) (taking judicial notice of FDA approval letter for prescription drug).

Exhibits 7 and 8 are official letters from the Corps to David McDonald, the Executive Director of MCPA at the time. They concern official Corps activities concerning MCPA's dredging plans and the Corps' continued position that Piney Point was not suitable for use as a disposal location and was not subject to a § 404 CWA permit. Exhibit 7 concerns MCPA's assertion that disposal at Piney Point presented mere "de minimis" risk. ECF No. 56 at 29; ECF No. 56-8 (July 8, 2008 Memorandum provided by MCPA to the Corps to justify MCPA's disposal plans). Exhibit 7 explains the Corps did "not endorse the use of Piney Point as the dredged material disposal site" for MCPA's waste, a decision that was based upon the Corps'

5

analysis that "the risk assessment document…does not provide sufficient information to adequately assess the risks associated with the use of the Piney Point site for disposal of dredged material." Ex. 7 at 2. Specifically, the Corps found that:

> [T]he risk assessment did not identify all potential failure modes, did not fully address the five failure modes identified, did not address the type and extent of the breach expected with each failure mode, contained no discussion of the consequences of a breach, and failed to present conclusions summarizing the risks associated with the use of the Pint Point Site for disposal of dredged material.

*Id.* Exhibit 8 explains the Corps' "decision to avoid the Piney Point site for the disposal of dredged material…was made after extensive evaluation" that determined that "[u]se of Piney Point involves an acknowledged risk of environmental contamination that can be avoided by use of an acceptable, less costly alternative disposal site." These letters, representing official activities of a federal agency, were obtained from the Orange County Circuit Court database in Case No. 2013-CA-000098-O, *HRK Holdings, LLC v. Ardaman & Associates, Inc., et al.* They are thus properly subject to judicial notice. *Charles*, 2021 U.S. Dist. LEXIS 42332, at *43-44; *Pozdol*, 996 F. Supp. 2d at 1299 n. 14; *see also S. River Watershed All., Inc. v. DeKalb Cty.*, 484 F. Supp. 3d 1353, 1365 (N.D. Ga. 2020) (taking judicial notice of agency records that were "integral to the proper consideration and resolution of Plaintiffs' claims" and defendant's defenses).

Defendants cannot reasonably contest the authenticity of these records, which plainly originate from a state administrative tribunal, FDEP's own website, Orange County Circuit Court, and the Corps as part of its official activities at Piney Point

obtained through a FOIA request. *See* ECF No. 52 at 3 (FDEP Mot. for Judicial Notice) (making same argument).

## **Local Rule 3.01(g) Certification**

Plaintiffs have conferred with Defendants about this Response & Cross-Motion for Judicial Notice, and represent as follows:

- FDEP states it will take a position Plaintiffs' motion after seeing the context in which these documents are used in Plaintiffs' Omnibus Opposition, filed herewith.

- Governor DeSantis does not object to Exhibits 1-4 or 6-8, and will take a position on Exhibit 5 after seeing the context in which that document is used in Plaintiffs' Omnibus Opposition.

- MCPA states it will take a position on Plaintiffs' motion after seeing the context in which these documents are used in Plaintiffs' Omnibus Opposition.

- Defendant HRK Holdings, LLC states it does not oppose this motion.

## **CONCLUSION**

For the reasons stated herein, Plaintiffs respectfully request the Court take judicial notice of the exhibits submitted herewith.

Respectfully Submitted this 21st Day of January, 2022.

/s/ Daniel C. Snyder  
Daniel C. Snyder, *pro hac vice*  
Charles M. Tebbutt  
B. Parker Jones  
Law Offices of Charles M. Tebbutt, P.C.  
941 Lawrence St.  
Eugene, OR 97401  

/s/ Jaclyn Lopez  
Jaclyn Lopez, Florida Bar No. 96445  
Center for Biological Diversity  
PO Box 2155  
St. Petersburg, FL 33731  
Tel: (727) 490-9190  
jlopez@biologicaldiversity.org

Tel: (541) 344-3505
Fax: (541)344-3516
dan@tebbuttlaw.com
charlie@tebbuttlaw.com
parker@tebbuttlaw.com

/s/ Justin Bloom
Justin Bloom, Florida Bar No. 89109
PO Box 1028
Sarasota, FL 34230
Tel: (941) 275-2922
bloomesq1@gmail.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2022, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties and their counsel of record in this case.

/s/ Daniel C. Snyder
Daniel C. Snyder, *pro hac vice*
Law Offices of Charles M. Tebbutt, P.C.
941 Lawrence St.
Eugene, OR 97401
Tel: (541) 344-3505
Fax: (541)344-3516
dan@tebbuttlaw.com