# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, TAMPA BAY WATERKEEPER, SUNCOAST WATERKEEPER, MANASOTA-88, *and* OUR CHILDREN'S EARTH FOUNDATION,<br><br>    *Plaintiffs*,<br><br>    *v.*<br><br>GOVERNOR RON DeSANTIS,<br><br>*and* SHAWN HAMILTON, *in his official capacity as* ACTING SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, *and* HRK HOLDINGS, LLC, *and* MANATEE COUNTY PORT AUTHORITY,<br><br>    *Defendants*. | Case No. 8:21-cv-1521<br><br>**EXHIBIT 1 TO PLAINTIFFS' RESPONSE AND CROSS-MOTION FOR JUDICIAL NOTICE** |




## STATE OF FLORIDA
### DEPARTMENT OF ENVIRONMENTAL PROTECTION

PINEY POINT PHOSPHATES, INC.,

    Petitioner,

-vs-

    Case No. 01-0793
    OGC No. 00-2308

DEPARTMENT OF ENVIRONMENTAL
PROTECTION,

    Respondent.

_____/

### PINEY POINT PHOSPHATES, INC.'S PETITION FOR
### FORMAL ADMINISTRATIVE PROCEEDINGS

**Piney Point Phosphates, Inc.** ("PPP" or "Petitioner"), by and through the undersigned counsel, Amundsen, Moore & Torpy, and pursuant to Chapter 120, Florida Statutes and Rule 62-110.106(4), Florida Administrative Code, respectfully requests a formal administrative hearing. PPP alleges:

1. PPP's address and telephone number are Post Office Drawer 797, Mulberry, Florida 33860 (863) 425-9201. Petitioner's address and telephone number for purposes of this proceeding shall be that of the undersigned counsel.

2. The name and address of the affected agency is Department of Environmental Protection ("DEP"), Office of General Counsel, Mail Station 35, 3900 Commonwealth Boulevard, Tallahassee, Florida 32399-3000. DEP's file or identification numbers for this proceeding are: FL 0000124-002-IWIS and OGC No. 00-2308.

## Receipt of Notice and Timeliness of this Petition

3. On or about September 22, 2000, PPP applied to DEP for the renewal of the above-captioned National Pollutant Discharge Elimination System ("NPDES") permit.

4. On December 5, 2000, PPP received by U.S. Mail DEP's Notice of Permit Denial ("NOPD"). A copy of the NOPD is attached hereto as Exhibit "A." The NOPD states on page three thereof that petitioner has fourteen days from receipt of the NOPD within which to file a petition for a formal administrative hearing. The petition deadline was therefore December 19, 2000. Petitioner timely filed a motion to enlarge the time within which to file a petition. By order of December 28, 2000, the time to file a petition was extended to February 7, 2001. This petition is timely filed.

## Disputed Issues of Fact and Law

5. The NOPD recites various reasons for its decision to deny the permit and thereafter goes on to explain, beginning on page two thereof, that PPP has a right to apply for a variance or waiver of the requirements of particular rules or certain conditions. PPP maintains a good faith belief that some of the grounds stated in the NOPD for permit denial are susceptible to resolution through either a variance or waiver of the requirements of certain rules and conditions. Further, PPP otherwise disputes some of the factual assertions in the NOPD. PPP specifically disputes at least the following:

    a. Whether PPP has complied with Consent Order No. 94-3751, and if not, whether severe economic situations at PPP and throughout the phosphate fertilizer industry as well as other factors justify a variance or modification to that Consent Order.

2

b.  Whether there are violations of the groundwater quality standards from MW-9 when combined with background conditions on filtered samples and, if so, whether a variance to the groundwater quality standard is justified.

c.  Whether MW-9 is properly located for a compliance well.

d.  Whether condition VI.3. of the current permit has been violated and, if so, whether severe economic conditions at PPP and in the phosphate fertilizer industry as whole, as well as other factors, justify a modification or variance from this requirement.

e.  Whether PPP has failed to comply with Rule 62-673.650, F.A.C., and, if so, whether severe economic conditions at PPP and in the phosphate fertilizer industry as whole, as well as other factors, justify a modification or variance from this rule.

f.  Whether PPP is required to file an application for closure of the phosphogypsum stack and, if so, whether severe economic conditions at PPP and in the phosphate fertilizer industry as whole, as well as other factors, justify a modification or variance from this rule.

g.  Whether the applicant has failed to demonstrate financial responsibility for closure of the phosphogypsum stacks and, if so, whether severe economic conditions at PPP and in the phosphate fertilizer industry as whole, as well as other factors, justify a modification or variance from this requirement.

h.  Whether PPP's Phosphogypsum Stack System Operation Plan is in accordance with the requirements of Chapter 62-671, F.A.C. and, if not, whether severe economic conditions at PPP and in the phosphate fertilizer industry as whole, as well as other factors, justify a modification or variance from this rule.

### Ultimate Facts Alleged

6. PPP has demonstrated reasonable assurances that it has complied with the applicable statutes, rules, permits and consent orders regulating this facility and, to the extent that there have been violations of any statutes, rules, permits or consent orders, the severe economic situation at PPP and in the phosphate fertilizer industry as whole, as well as other factors, justify the modification or a variance from some of these requirements in order for the permit to be renewed and the PPP facility be maintained as a viable economic asset.

### The Statute and Rule Provisions that Entitle Petitioner to Relief Include:

7. Chapters 120 and 403, Florida Statutes, and the rules thereto including but not limited to: Rule Chapters, 62-4, 28-104, 62-110, 62-520, 62-522, 62-620, 62-550, 62-660 62-672, and 62-673, F.A.C.

### Relief Sought by Petitioner

8. PPP requests that this petition for formal administrative hearing be forwarded to the Division for Administrative Hearings for a formal evidentiary hearing and that a recommended order and final order be issued reversing DEP's Notice of Permit Denial and that permit FL0000124-002-IW1S be issued to Piney Point Phosphates, Inc.

**WHEREFORE**, Piney Point Phosphates, Inc. respectfully requests that this petition be transmitted to the Division of Administrative Hearings for the assignment of an Administrative Law Judge, and thereafter a recommended order and final order be entered approving the renewal of the PPP's NPDES permit.

4

AMUNDSEN, MOORE & TORPY

By: _____
Paul H. Amundsen
Fla. Bar No. 266450
502 East Park Avenue (32301)
Post Office Drawer 1759
Tallahassee, Florida 32302
    Voice: (850) 425-2444
    Fax:   (850) 425-2447

**Counsel for Piney Point Phosphates, Inc.**

FILED with the Agency Clerk at the Office of General Counsel, Department of Environmental Protection, Tallahassee, Florida this 7th day of February 2001.