IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, TAMPA BAY WATERKEEPER, SUNCOAST WATERKEEPER, MANASOTA-88, *and* OUR CHILDREN'S EARTH FOUNDATION,<br><br>    *Plaintiffs*,<br><br>    *v.*<br><br>GOVERNOR RON DeSANTIS,<br><br>*and* SHAWN HAMILTON, *in his official capacity as* SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, *and* HRK HOLDINGS, LLC, *and* MANATEE COUNTY PORT AUTHORITY,<br><br>    *Defendants*. | Case No. 8:21-cv-1521-WFJ-CPT<br><br>**DECLARATION OF DANIEL C. SNYDER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT MANATEE COUNTY PORT AUTHORITY'S MOTION FOR SANCTIONS, ECF NO. 67** |

I, Daniel C. Snyder, hereby declares as follows:

    1.    I am over the age of eighteen and competent to make this declaration. This declaration is based on my personal knowledge.

    2.    I am lead counsel for Plaintiffs in the above-captioned case.

    3.    On October 29, 2021, Defendant Manatee County Port Authority ("MCPA") served a "Safe Harbor Letter pursuant to Fed. R. Civ. P. 11" on Plaintiffs by email. That letter included a "DRAFT" motion for sanctions that MCPA

threatened to file pursuant to Rule 11. A true and correct copy of that letter and the "DRAFT" motion are attached hereto as Exhibit A.

4. On November 4, 2021 I conferred with Defendant's attorneys by phone. During that call, I requested that MCPA provide documentation supporting its factual assertions in its "DRAFT" Motion, including that MCPA had not used Piney Point for disposal of dredged material since 2011, that the U.S. Army Corps had issued a § 404 Clean Water Act permit covering the dredging and disposal process at Piney Point, and that MCPA's disposal of dredged material at Piney Point was done at the direction of a state regulatory environmental agency, namely the Florida Department of Environmental Protection.

5. During the November 4, 2021 telephonic conferral with MCPA's counsel, I explained that the allegations in Plaintiffs' complaint were based on public records from various regulatory agencies, and that Plaintiffs had filed a Freedom of Information Act request with the U.S. Army Corps of Engineers concerning the placement of dredged material at Piney Point.

6. At the end of the conferral, counsel for MCPA agreed to provide Plaintiffs with additional documentation supporting MCPA's factual assertions in the Safe Harbor letter and "DRAFT" motion.

7. On November 9, 2021, I wrote an email to counsel for MCPA, asking for an update on when "the documents we discussed by phone last week" would be transmitted. MCPA's counsel responded by stating that the records were under review. The records that MCPA contended supported its position were then

produced by MCPA later that day. Attached hereto as Exhibit B is a true and correct copy of the email correspondences containing these exchanges.

8. Plaintiffs reviewed the records that were provided by MCPA. During this time period, Plaintiffs also obtained additional documents from the U.S. Army Corps of Engineers concerning MCPA's activities at Piney Point. Plaintiffs thereafter drafted a revised Second Amended Complaint and a formal response to MCPA's Safe Harbor letter and "DRAFT" Motion. Plaintiffs served their response and the proposed Second Amended Complaint on MCPA on November 18, 2021. Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' November 18, 2021 Rule 11 Response Letter, inclusive of attachments.

9. On November 23, 2021, I conferred again telephonically with counsel for MCPA, this time with my colleague and co-counsel Jaclyn Lopez. During that call, I explained that Plaintiffs had removed the factual issues identified by MCPA from the Second Amended Complaint. I also explained Plaintiffs' position that the remainder of the parties' dispute appeared to concern interpretations and application of the law that are more properly addressed in a motion to dismiss, not a Rule 11 dispute. I told MCPA's counsel that Plaintiffs would welcome a response to their November 18, 2021 Rule 11 Response Letter. Finally, I requested that if MCPA had or found further documentation supporting its arguments, that it provide such documentation to Plaintiffs prior to filing a Rule 11 motion.

10. Plaintiffs did not receive any further documentation from MCPA related to its Rule 11 motion, outside of records MCPA attached to its Motion to Dismiss that MCPA seeks to have judicially noticed.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated February 1, 2022.

Daniel C. Snyder

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2022, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties and their counsel of record in this case.

/s/ Daniel C. Snyder
Daniel C. Snyder, *pro hac vice*
Law Offices of Charles M. Tebbutt, P.C.
941 Lawrence St.
Eugene, OR 97401
Tel: (541) 344-3505
Fax: (541)344-3516
dan@tebbuttlaw.com