**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, TAMPA BAY WATERKEEPER, SUNCOAST WATERKEEPER, MANASOTA-88, *and* OUR CHILDREN'S EARTH FOUNDATION, | Case No.  8:21-cv-1521 |
| *Plaintiffs*, | |
| *v.* | **FDEP'S REPLY IN SUPPORT OF MOTION TO STAY** |
| GOVERNOR RON DeSANTIS, SHAWN HAMILTON, *in his official capacity as* SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, HRK HOLDINGS, LLC, *and* MANATEE COUNTY PORT AUTHORITY, | |
| *Defendants*. | |

# **<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION ..................................................................................... 1

ARGUMENT ............................................................................................. 2

I.   THE COURT SHOULD STAY THE ACTION UNDER *COLORADO RIVER*. ................................................................................................ 2

     A.   Identical Claims or Parties are not Required. ..................................... 2

     B.   The *Colorado River* Factors Favor a Stay. ......................................5

II.   ALTERNATIVELY, THE COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO GRANT A LIMITED STAY. .................................7

CONCLUSION ......................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ambrosia Coal & Const. Co. v. Pages Morales*,
  368 F.3d 1320 (11th Cir. 2004)..................................................................... 3, 4

*Baker v. Warner/Chappell Music, Inc.*,
  759 F. App'x 760 (11th Cir. 2018) ........................................................5

*Bankers Ins. Co. v. Countrywide Fin. Corp.*,
  No. 8:11-CV-01630-T-17, 2012 WL 2594341 (M.D. Fla. July 5, 2012)............... 4

*Bayshore TBI, Inc. v. MemberSelect Ins. Co.*,
  No. 19- 1281, 2019 WL 6696245 (M.D. Fla. Dec. 4, 2019) ................................. 2

*Blue Legs v. U.S. Bureau of Indian*,
  Affs., 867 F.2d 1094 (8th Cir. 1989) ......................................................5

*Davis v. Sun Oil Co.*,
  148 F.3d 606 (6th Cir. 1998) ..................................................................5

*DMJ Associates. v. Capasso*,
  228 F. Supp. 2d 223 (E.D.N.Y. 2002) .................................................. 8

*Flowers v. Fulton County Sch. Sys.*,
  654 F. App'x 396 (11th Cir. 2016) .................................................... 2, 3

*Forehand v. First Alabama Bank*,
  727 F.2d 1033 (11th Cir. 1984).............................................................5

*Jackson-Platts v. GE Capital Corp.*
  727 F.3d 1127 (11th Cir. 2013)..............................................................7

*Sebelius v. Auburn Reg'l Med. Ctr.*,
  568 U.S. 145 (2013) ............................................................................ 8

*Shands Jacksonville Med. Ctr., Inc. v. Nat'l Union Fire Ins. Co.*
  *of Pittsburgh, PA*,
  No. 14-930, 2015 WL 5714870 (M.D. Fla. Sept. 22, 2015) .............................. 3, 4

*Sierra Club, Inc. v. St. Johns River Water Mgmt. Dist.*,
  No. 14-1877, 2016 WL 1317775 (M.D. Fla. Apr. 5, 2016) ..................................... 8

*United Auto. Ins. Co. v. Fla. Wellness & Rehab. Ctr.*,
  2009 WL 10667729 (S.D. Fla. Feb. 11, 2009) ...................................................... 4

*Willson v. Bank of Am., N.A.*,
  684 F. App'x 897 (11th Cir. 2017) .................................................................... 4, 6

## <u>INTRODUCTION</u>

Should Plaintiffs' SAC survive dismissal—leaving concurrent federal and state cases addressing the same environmental issues at the same property—the prudential, common-sense approach is for the Court to manage this federal case in a way that reduces friction with the pending state actions and ensures the swift and safe closure of the Facility to promote public safety.  That means staying the federal action while the state courts implement the already-ordered closure.

In an effort to take over as regulator, Plaintiffs lose sight of their (and FDEP's) ultimate goal: abating the environmental dangers present at the Facility. Plaintiffs thus downplay the Receiver's role, suggesting he is merely a temporary escrow agent of disputed property.  But the Receiver's mandate is to "maintain, manage and close" the Facility "in accordance with all applicable State and Federal laws and rules;" he is thus already under a court order to remediate and close the Facility in a manner that protects the environment and public safety, and his appointment does not expire until that task is complete.  RJN Ex. C; FDEP MTD Reply.[1] Federal injunctive relief would be largely (if not entirely) redundant, and only impede the Receiver's remediation efforts.   And civil penalties are not available against FDEP in this Court.  FDEP MTD Reply 4.

Beyond creating unnecessary tension between the state and federal courts,

---

[1] FDEP's Reply in Support of Motion to Dismiss, Doc. 79, is abbreviated as "FDEP MTD Reply." Plaintiffs' Opposition to FDEP's Motion to Stay, Doc. 73, is abbreviated as "Stay Opp." Unless otherwise indicated, capitalized terms retain definitions from FDEP's Motion to Dismiss, Doc. 51 ("FMTD") and FDEP's Motion to Stay, Doc. 53 ("FMTS").

Plaintiffs' arguments lack precedential support.  The law in the Eleventh Circuit is clear on this issue: a stay is appropriate.[2]

**ARGUMENT**

**I.    THE COURT SHOULD STAY THE ACTION UNDER *COLORADO RIVER*.**

**A.    Identical Claims or Parties are not Required.**

The Eleventh Circuit has "reasoned that 'formalistic requirements' of 'identical parties, issues, and requests for relief' would 'fly in the face' of efforts by the Supreme Court to establish a 'flexible and holistic text'" for *Colorado River* abstention.  *Bayshore TBI, Inc. v. MemberSelect Ins. Co.*, No. 19-1281, 2019 WL 6696245, at *3 (M.D. Fla. Dec. 4, 2019).   Plaintiffs concede "[e]xact identity between parties and issues is not required," Stay Opp. 3, yet seek to impose the very "formalistic requirements" the Eleventh Circuit has eschewed.

***First***, Plaintiffs cite *Flowers v. Fulton County Sch. Sys.*, 654 F. App'x 396, 399 (11th Cir. 2016), for the supposed proposition that "*Colorado River* does not apply" if "the federal case includes different causes of action and involves different parties," "even where two cases share a common nexus of operative facts."  Stay Opp. 4.  *Flowers* is not a precedential decision, but, even if it were, it says no such thing.  Flowers was a former police officer who brought a federal civil rights claim against his former employer.  He sought abstention based on a lawsuit brought against the same employer by a *different employee*, alleging *different claims*, based on *different facts*.  *Id.* at 399–401.  The "minor similarities" between those

---

[2] In contrast to the decades-old, out-of-circuit authority relied on by Plaintiffs.

2

two cases were not enough.  *Id* at 399.  The attenuated factual nexus in *Flowers* is far from this case, which involves the very facts and seeks the very relief—remediation of Piney Point to protect the public—progressing in state court.

**_Second_**, Plaintiffs say that the State Actions cannot be "parallel" to this federal action because Plaintiffs themselves have named FDEP as a defendant.  *See* Stay Opp. 5.  But the Eleventh Circuit's definition of "parallel" actions ignores such gamesmanship in the presence or absence of parties.  *Colorado River* abstention cannot be avoided simply by suing (or declining to sue) a certain party.  *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004) ("Under [the plaintiff's] proposed rule, only litigants bereft of imagination would ever face the possibility of an unwanted abstention order, as virtually all cases could be framed to include additional issues or parties."); *see also Shands Jacksonville Med. Ctr., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 14-930, 2015 WL 5714870, at *5 (M.D. Fla. Sept. 22, 2015) ("[T]he *Colorado River* doctrine does not require absolute identity of the parties.").

**_Third_**, Plaintiffs argue that their federal suit "seeks RCRA-specific and CWA-specific remedies that are not contemplated in the state court action and … could not be brought in state court."  Stay Opp. 5.  Even assuming that RCRA or CWA provide some marginal relief that would not be available from the state court—which they do not[3]—the Eleventh Circuit's definition of "parallel" actions

---

[3] Tellingly, Plaintiffs do not identify how the State Actions would fail to provide complete relief. Indeed, the State Actions' closure of the Facility will afford *broader* injunctive relief than Plaintiffs would be entitled to under RCRA or CWA.  *See* FDEP's MTD at 11–13.  And Plaintiffs cannot

does not require identical requests for relief.  *Ambrosia Coal*, 368 F.3d at 1329–30; *Willson v. Bank of Am., N.A.*, 684 F. App'x 897, 900 (11th Cir. 2017) (finding "state and federal cases involved substantially the same issues" despite the appellant's argument that "the two cases are not substantially similar because he seeks different relief"); *see also Shands*, 2015 WL 5714870, at *5 (disagreeing with party's assertion that "to be sufficiently parallel the State Action must be of such a character that it will *necessarily* result in a complete resolution of the claims pending in the[] [federal] proceedings."); *Bankers Ins. Co. v. Countrywide Fin. Corp.*, No. 8:11-CV-01630-T-17, 2012 WL 2594341, at *7 (M.D. Fla. July 5, 2012) ("[T]he question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the state court litigation will dispose of all claims presented in the federal case.").  There is no doubt that the federal case and State Actions concern "substantially the same issues," which is what the Eleventh Circuit requires.  *Ambrosia Coal*, 368 F.3d at 1330. [4]

**_Fourth_**, Plaintiffs rely exclusively on out-of-circuit authority to argue that *Colorado River* abstention is unavailable where there is exclusive federal jurisdiction over the claims in the federal action.  *See* Stay Opp. 5–6.  As a threshold matter, the Eleventh Circuit has never ruled whether RCRA or CWA claims fall

---

recover damages against FDEP in this federal action.  *See supra* 1.  Any separate claim for penalties against HRK can be prosecuted concurrent with or subsequent to a stay of the claims for injunctive relief against FDEP.

[4] *United Auto. Ins. Co. v. Fla. Wellness & Rehab. Ctr.*, 2009 WL 10667729, at *7 (S.D. Fla. Feb. 11, 2009) is inapposite.  There, the scope of the state litigation was "unclear from the record" because the defendant provided only its own summary and not the actual pleadings.

under exclusively federal jurisdiction.[5]   Regardless, the "exclusive jurisdiction"
qualifier Plaintiffs seek to import from other circuits is not part of the Eleventh
Circuit's *Colorado River* analysis regarding "parallel" actions.   Instead, "whether
the state court can adequately protect the parties' rights" is one factor (among
many) that the Eleventh Circuit balances in its *Colorado River* analysis.  *See Baker
v. Warner/Chappell Music, Inc.*, 759 F. App'x 760, 763–64 (11th Cir. 2018).   The
Eleventh Circuit does not require identical causes of action in state court; the focus
is rather on whether the state court will address "substantially the same issues,"
regardless of how those issues are captioned in the respective actions.   Under the
Eleventh Circuit's test, the State Actions are sufficiently "parallel" to proceed to the
balancing test portion of the Eleventh Circuit's *Colorado River* analysis.

### B.    The *Colorado River* Factors Favor a Stay.

### (1) Whether a court has assumed jurisdiction over property.

Plaintiffs suggest this factor weighs against abstention because this Court is not
being asked to determine property rights, and so it is unlikely that "any injunctive
or remedial relief secured by Plaintiffs will 'necessarily conflict' with anything that
occurs in the state court proceeding."  Stay Opp. 7–8.[6]  This view blinks reality.

---

[5] Other circuits are split.  *Compare Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998) (no
exclusive jurisdiction) *with Blue Legs v. U.S. Bureau of Indian Affs.*, 867 F.2d 1094, 1098 (8th
Cir. 1989) (exclusive jurisdiction).

[6] *Forehand v. First Alabama Bank*, 727 F.2d 1033 (11th Cir. 1984), is inapposite.  There, the
plaintiff in the federal suit brought *only claims for damages*, so the federal court was not asked
to do anything to the property that was subject to a related writ of seizure action in state court.
*Id.* at 1034–35.  The instant case more resembles *Willson*, where the Eleventh Circuit concluded
that "[t]he first [*Colorado River*] factor favors abstention because the Florida court already had
jurisdiction over Willson's property and the federal court necessarily would decide whether the
foreclosure judgment was correct."  684 F. App'x at 901.  Here, too, both the federal and state
courts must necessarily decide how best to abate the ongoing problems at the Facility.

Plaintiffs ask this Court to oversee environmental remediation at the Facility.  But the state court's Receiver is doing *the exact same thing* and is charged with providing complete relief.  FDEP MTD Reply 1–5.  Obviously, if the Receiver orders certain actions to manage, remediate, and close the Facility, and this Court orders different actions at the property, those orders will conflict.

**(3) The likelihood of piecemeal litigation.**  Plaintiffs mischaracterize the State Actions as being solely about foreclosure.  As made clear throughout FDEP's papers, the State Actions encompass the exact same issues (and will afford the same relief) as this (duplicative) federal case.

**(4) The order in which the courts obtained jurisdiction.**  Plaintiffs contend that the State Actions are not further progressed than the federal case.  But the Receiver's appointment and initial steps toward Facility closure plainly show further progress than this case, which remains at the pleading stage.  *See* FDEP MTD Reply 2; RJN Ex. G; Second RJN Ex. A.  Plaintiffs' observation that "this action predates its lawsuit against HRK and the appointment of a Receiver," Stay Opp. 11, is irrelevant.  Plaintiffs concede, as they must, that the Eleventh Circuit has held "'[w]hat matters is not so much the chronological order in which the parties initiated the concurrent proceedings, but the progress of the proceedings.'"  Stay Opp. 10 (quoting *Jackson-Platts*, 727 F.3d at 1142).

**(5) Whether state or federal law will be applied.**  Plaintiffs' opposition to Defendants' motions to dismiss makes clear that the Florida statutes and regulations governing issuance and renewal of NPDES permits will be central

6

to whether Plaintiffs can maintain a CWA against FDEP.  FDEP MTD Reply 13.[7]

(7) **The vexatious/reactive nature of the litigation.**  Citing no authority, Plaintiffs insist that "the 'reactive' element is meant to examine whether Plaintiffs filed this case because of adverse rulings in a parallel state court proceeding."  Stay Opp. 14.  But The Eleventh Circuit's balancing test makes no distinction as to whether "reactive" litigation is responsive to a state court ruling or other state actions, such as a legislative appropriation.  The Court need not ignore that the majority of Plaintiffs' allegations relate to activities from years ago, and that Plaintiffs filed this litigation—an obvious attempt to put themselves in the driver's seat—only *after* the State committed massive resources to Piney Point.

## II.   ALTERNATIVELY, THE COURT SHOULD EXERCISE ITS INHERENT AUTHORITY TO GRANT A LIMITED STAY.

***First***, Plaintiffs suggest, without citing Eleventh Circuit authority, that the RCRA and CWA diligent-prosecution provisions provide the sole circumstances under which citizen suits should yield to state proceedings.  Stay Opp. 15.[8]  While the RCRA and CWA diligent-prosecution provisions set forth clear-cut circumstances under which citizen suits are *wholly prohibited*, *see* FDEP MTD at 14–19, Plaintiffs provide no evidence that Congress intended to strip federal courts

---

[7] Plaintiffs' arguments regarding the sixth factor (whether the state court can protect the parties' rights) fail for the same reason as their argument about the third factor. Plaintiffs cannot escape that the State Actions will provide all relief they seek in this case.  Their arguments are just recycled (and erroneous) assertions that (1) *Colorado River* requires identity of causes of action (it does not) and that (2) the Receiver's efforts will be limited (they will be comprehensive).

[8] Plaintiffs quote *DMJ Associates. v. Capasso*, 228 F. Supp. 2d 223, 231 (E.D.N.Y. 2002), for the proposition that courts should be wary to "end run" citizen-suit statutes by liberally issuing discretionary stays. Stay Opp. 16.  But that court further stated that "[t]his does not mean that a stay of a RCRA citizen's suit is never appropriate." *DMJ Assocs.*, 228 F. Supp. 2d at 231 n.12.

of their inherent authority to issue a limited stay to conserve judicial resources.[9]

**_Second_**, Plaintiffs contend that FDEP's request for a limited stay is really an "indefinite stay in disguise," because FDEP might request extensions. Stay Opp. 16. But these fears are entirely speculative. Moreover, it remains the Court's prerogative to extend or truncate the initial stay as circumstances warrant.

**_Third_**, Plaintiffs argue that a limited stay is inappropriate because it is not yet clear that the Receiver's closure plan will afford Plaintiffs complete relief. Stay Opp. at 16–17. But this argument *supports* a limited stay. Indeed, it would be an immense waste of resources to undertake the expansive discovery Plaintiffs seek only for the Receiver's plan to later confirm that Plaintiffs' claims are barred.[10] FDEP expects the Receiver to issue his remediation and closure plan within the next few months. A resource-conserving stay is appropriate in the interim.

**_Fourth_**, Plaintiffs argue that state cleanup efforts could cause "discovery" to disappear during pendency of stay, including by removing the allegedly hazardous process water. Stay Opp. 18–19. The argument is perverse. Plaintiffs apparently want the alleged hazard at Piney Point to *persist* so they can later prove it existed.

---

[9] *See Sierra Club, Inc. v. St. Johns River Water Mgmt. Dist.*, No. 14-1877, 2016 WL 1317775, at *2 (M.D. Fla. Apr. 5, 2016); *cf. Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145 (2013) (no jurisdiction stripping unless "Congress has 'clearly stated' that the rule is jurisdictional").

[10] *See* FMTS 11; FMTD 10–13 (Receiver's ongoing efforts moot Plaintiffs' claims); FMTD Reply n.6 (CWA diligent-prosecution bar confirmed by Receiver's plan); *id.* at 2 (detailing Receiver's progress); RJN Ex. G; Second RJN Ex. A. This concern is amplified by Plaintiffs' recently-filed initial disclosures, identifying more than fifty persons they say have knowledge of relevant facts.

## **<u>CONCLUSION</u>**

For the foregoing reasons, FDEP respectfully requests that, if the Court does not grant FDEP's Motion to Dismiss, the Court grant FDEP's Motion to Stay.


Dated:  February 4, 2022                    Respectfully submitted,

*/s/ Jesse Panuccio*
Jesse Panuccio
Fla. Bar No. 31401
jpanuccio@bsfllp.com
Carl Goldfarb
Fla. Bar No. 125891
cgoldfarb@bsfllp.com
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

*Counsel for Defendant FDEP*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this fourth day of February, 2022, I electronically

filed the foregoing document with the Clerk of the Court using CM/ECF.  I also

certify that the foregoing document is being served this day on all counsel of record

via transmission of Notices of Electronic Filing generated by CM/ECF.


<u>s/ *Jesse Panuccio*      </u>
Jesse Panuccio