# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, TAMPA BAY WATERKEEPER, SUNCOAST WATERKEEPER, MANASOTA-88, *and* OUR CHILDREN'S EARTH FOUNDATION,<br><br>　　*Plaintiffs*,<br><br>　　*v.*<br><br>GOVERNOR RON DeSANTIS, SHAWN HAMILTON, *in his official capacity as* SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, HRK HOLDINGS, LLC, *and* MANATEE COUNTY PORT AUTHORITY,<br><br>　　*Defendants*. | Case No.  8:21-cv-1521<br><br><br><br>**FDEP'S LIMITED OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR JUDICIAL NOTICE** |

## BACKGROUND

Plaintiffs' Second Amended Complaint, Doc. 50 ("SAC"), brings claims under the Resource Conservation and Recovery Act ("RCRA") and Clean Water Act ("CWA") against the Florida Department of Environmental Protection ("FDEP"). FDEP has moved to dismiss all claims, *see* Doc. 51 ("FDEP MTD"), and Plaintiffs opposed, *see* Doc. 69 ("MTD Opp."). FDEP is filing a reply brief in support of its Motion to Dismiss. As discussed throughout the parties' briefing, two critical points of contention are the sufficiency of the SAC's allegations with respect to (1) FDEP's involvement as an alleged "operator" of the Piney Point phosphogypsum stack system, and (2) the existence or likelihood of recurring discharges of contaminants into "waters of the United States." *See* FDEP MTD 21–23, 36–39.

Exhibit 5 to Plaintiffs' Cross-Motion for Judicial Notice, Doc. 71 ("Cross-RJN"), compiles various excerpts from FDEP's website regarding happenings at Piney Point. Plaintiff relies on Exhibit 5 as "evidence" of (1) FDEP's involvement at Piney Point, and (2) the existence or likelihood of recurring discharges from the stack system. *See* Cross-RJN 4 ("These excerpts ... outline the types of actions FDEP has taken at Piney Point that evidence its role as an operator."); MTD Opp. 31–32 (citing Exhibit 5 for the proposition that "FDEP states that it continues work at Piney Point, including managing water within the impoundments and preparing for upcoming precipitation"); *id.* at 34 (citing Exhibit 5 for the proposition that "as recently as January 13, 2022, the NGS-S was leaking yet again"); *id.* at 35 (citing Exhibit 5 as evidence of recurring discharges); *id.* at 49 (citing Exhibit 5 to show

1

that FDEP's activates at Piney Point "shows that its activities "exceed mere regulation"). Plaintiffs admit that the facts introduced through Exhibit 5 are "[o]utside of the SAC." *Id.* at 31, 49. FDEP therefore opposes judicial notice of Exhibit 5 with respect to the Court's consideration of FDEP's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).[1]

## **ARGUMENT**

Rule 12(b)(6) requires Plaintiffs to state a claim for relief *in their complaint*. *See Merchant v. U.S. Dep't of Ed.*, 2021 WL 3738835, at *3 (M.D. Fla. Aug. 24, 2021) ("When considering a Rule 12(b)(6) motion, a court must determine whether the allegations contained in the plaintiff's complaint state a facially plausible claim for relief.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs are afforded discovery and the opportunity to prove their claims if—*and only if*—Plaintiffs first allege sufficient factual matter in their pleadings for the Court to conclude that there is a plausible entitlement to relief. If the allegations are insufficient, Plaintiffs may seek leave to amend their pleadings, and the Court may consider such request under the appropriate rules and standards. *See* Fed. R. Civ. P. 15. But Plaintiffs cannot amend or supplement their pleadings through the introduction of

---

[1] FDEP does not oppose judicial notice of Exhibits 4 to Plaintiffs' Cross-Motion for Judicial Notice insofar as it is a state judicial opinion on a matter of law, and FDEP does not oppose judicial notice of Exhibits 1 –3 insofar as they are supporting materials necessary to interpreting that opinion. Likewise, FDEP does not oppose judicial notice of Exhibits 6–8 insofar as they express legal opinions with respect to permitting requirements under CWA and related regulations. FDEP objects to judicial notice of *any* fact in *any* of the Exhibits to the extent such fact is used for the purpose of augmenting the allegations in the SAC with respect to the Court's assessment of those allegations under Rule 12(b)(6).

2

"evidence" in their briefing on a motion to dismiss. *In re Turbodyne Techs., Inc. Sec. Litig.*, 2000 WL 33961193, at *10 (C.D. Cal. Mar. 15, 2000) ("In deciding a motion to dismiss, courts may not 'take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).'"). As one court put it:

> It seems like one thing to take judicial notice of a document like an SEC filing, for example, in order to amplify the factual basis for a claim already set out in some detail in a pleading. But it feels like quite another for an important element of a claim to be deemed satisfied entirely due to a large number of extra-complaint, judicially-noticed facts. At some level, doing so seems at odds with the idea that the factual basis of a plausible claim should actually be set out *in* a pleading.

*Varian Med. Sys., Inc. v. Elekta AB*, 2016 WL 3748772, at *7 (D. Del. July 12, 2016); *see also In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1166 (N.D. Cal. 2019) ("Plaintiffs request for judicial notice appears to be an attempt to amend the pleadings to add more allegations related to reliance and materiality."); *Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1350 (C.D. Cal. 2014) ("Plaintiffs cannot utilize the documents to amend the complaint and defeat defendants' motions to dismiss."); *Hayden v. Retail Equation, Inc.*, No. 820CV01203JWHDFMX, 2021 WL 5024502, at *8 (C.D. Cal. July 6, 2021) (same); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (declining to take judicial notice of a plaintiff's documents for their truth on a motion to dismiss). If the facts purportedly offered by Plaintiffs'

3

"evidence" were not alleged in the complaint, then they are off-limits from the Court's consideration of a motion to dismiss under Rule 12(b)(6).[2]

But that is exactly what Plaintiffs are attempting to do here. Realizing that the SAC lacks sufficient allegations to plausibly establish several of the necessary elements of their RCRA and CWA claims against FDEP, Plaintiffs now seek to add *new* allegations through the back door. *See Turbodyne*, 2000 WL 33961193, at *10 ("The complaint lacks any allegations regarding Turbodyne's daily trading volume, however, and plaintiffs clearly seek to have the court take judicial notice of Exhibit Q to cure this omission."); *Apple*, 386 F. Supp. 3d at 1166. Specifically, as set forth in FDEP's Motion to Dismiss, the SAC lacks sufficient allegations that FDEP had responsibility or control over Piney Point in any capacity that would make it an "operator" or "contributor" under RCRA. *See* FDEP MTD 36–39. Likewise, with respect to their CWA claims, Plaintiffs had to allege sufficient facts to establish that that unpermitted discharges are ongoing or likely to recur.[3] *See id*. at 21–23. Plaintiffs did not do so in the SAC (their **third** attempt at a pleading that could survive the motion-to-dismiss stage), and they cannot now supplement or amend their deficient pleadings under the auspices of "judicial notice."

---

[2] This is true even if the documents are otherwise properly subject to judicial notice. *Apple*, 386 F. Supp. 3d at 1165–66.
[3] Importantly, as Plaintiffs acknowledge, alleging an ongoing discharge is a necessary *pleading element* of Plaintiffs' CWA claim. MTD Opp. 26. Thus, judicial notice of documents describing events that post-date the complaint is inappropriate in considering the pleading sufficiency of Plaintiffs' CWA claim.

Accordingly, FDEP opposes the Court taking judicial notice of Exhibit 5 for purposes of considering FDEP's Motion to Dismiss under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, FDEP respectfully requests that the Court deny Plaintiffs' Cross-Motion for Judicial Notice in part and decline to take judicial notice of Exhibit 5 in consideration of FDEP's Motion to Dismiss under Rule 12(b)(6).

Dated: February 4, 2022                    Respectfully submitted,

                                                    s/ *Jesse Panuccio*
                                                  Jesse Panuccio
                                                  Fla. Bar No. 31401
                                                  jpanuccio@bsfllp.com
                                                  Carl Goldfarb
                                                  Fla. Bar No. 125891
                                                  cgoldfarb@bsfllp.com
                                                  BOIES SCHILLER FLEXNER LLP
                                                  401 East Las Olas Boulevard
                                                  Suite 1200
                                                  Fort Lauderdale, FL 33301
                                                  Telephone: (954) 356-0011
                                                  Facsimile:  (954) 356-0022

                                                  *Counsel for Defendant FDEP*

## CERTIFICATE OF SERVICE

I hereby certify that on this fourth day of February, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ *Jesse Panuccio*
Jesse Panuccio