IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, TAMPA BAY WATERKEEPER, SUNCOAST WATERKEEPER, MANASOTA-88, *and* OUR CHILDREN'S EARTH FOUNDATION,<br><br>  *Plaintiffs*,<br><br>  v.<br><br>GOVERNOR RON DeSANTIS,<br><br>*and* SHAWN HAMILTON, *in his official capacity as* SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, *and* HRK HOLDINGS, LLC, *and* MANATEE COUNTY PORT AUTHORITY,<br><br>  *Defendants*. | Case No. 8:21-cv-1521-WFJ-CPT<br><br>**PLAINTIFFS' SECOND MOTION FOR JUDICIAL NOTICE** |

  Plaintiffs respectfully submit the following Second Motion for Judicial Notice ("Motion"). The Court held a hearing on Defendants' motions to dismiss on February 15, 2022. ECF No. 91. During the hearing, the Court invited Plaintiffs to file a motion seeking judicial notice of the United States Army Corps of Engineers ("Corps") document quoted in Plaintiffs' pre-suit notice letter and in the Second Amended Complaint. *See, e.g.,* ECF No. 50 at ¶¶ 124-128; ECF No. 50-1 at 8-9. That document, entitled "Draft Phase III General Reevaluation Report and Environmental Assessment Addendum," is attached hereto as Exhibit 9.

**Index of Exhibits Submitted for Judicial Notice**

| Exhibit No. | Title |
|---|---|
| **Exhibit 9** | United States Army Corps of Engineers, Jacksonville District<br><br>Draft Phase III General Reevaluation Report and Environmental Assessment Addendum<br><br>August 2008 |

**Memorandum of Law**

Exhibit 9 is a public record from the Corps, obtained from court files from the Orange County Circuit Court database in Case No. 2013-CA-000098-O, *HRK Holdings, LLC v. Ardaman & Associates, Inc., et al.*[1] This Exhibit is relevant to the Court's resolution of the pending motions to dismiss. It contains the Corps' investigation and recommendations concerning the feasibility of constructing an access channel to a new berthing area at Port Manatee as part of a federally-authorized project. After review of the available information, the Corps recommended that dredged material disposal occur at the Tampa Ocean Dredged Material Disposal site, located in the Gulf of Mexico. The Corps rejected the "Locally Preferred Plan" of using Piney Point for disposal of dredged material because, *inter alia*, "[t]he gypsum stack itself is not an engineered structure," it

---

[1] It is for this reason that the record contains an "Exhibit B" sticker, with Bates Nos. beginning with "HRK002640" at the bottom. For ease of reference, Plaintiffs use both the record's PDF page number and the HRK Bates No. when citing to Exhibit 9.

"contains hazardous and toxic materials," and "there is documentation of past slope stability and piping issues experienced at the site." Exhibit 9 at 62 (HRK002700).

Consequently, the Corps warned Defendants that the "worst case scenario for Piney Point being used as dredged material disposal facility would be a breach in the liner. Such a breach would allow water to saturate and cause a failure to the gypsum stack." *Id*. at 5, 63 (HRK002643, HRK002701). Following such a breach, the "dredged slurry could percolate into [the] phosphogypsum stack releasing a leachate that could be corrosive and toxic." *Id*. at 63 (HRK002701). That mixing of otherwise *Bevill*-exempt phosphogypsum waste and dredged material would likely create a new hazardous waste leachate that "would be designated as hazardous waste" assuming the requirements of 40 C.F.R. § 261.22 and 40 CFR § 261.24 are satisfied. *Id*.

Plaintiffs' pre-suit notice letter and endangerment claim under the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(b), rely upon the Corps' statements in Exhibit 9 concerning use of Piney Point for the disposal of dredged solid waste. ECF No. 50-1 at 8-9. Plaintiffs allege in their pre-suit notice and in the SAC that the Corps' predictions all occurred: disposal of dredged solid waste at Piney Point caused liner breaches, resulting in dredged material leaking below the liner, where it comingled and mixed with the underlying phosphogypsum. This created a new hazardous waste leachate that independently satisfies the requirements for being deemed hazardous waste under RCRA. ECF No. 50-1 at 8-9 (Corps warnings), 12 (liner breaches during disposal process); 20-21; ECF No. 50 at ¶¶ 170-173; *see also* Plaintiffs' Omnibus Opposition, ECF No. 69 at 4-5, 37-41, 45-46.

The report also explains that the reason Defendant Manatee County Port Authority ("MCPA") evaluated Piney Point as a disposal site was because it had "insufficient capacity to accommodate the volume of material that would be produced by any additional Phase III construction[.]" Exhibit 9 at 19 (HRK002657). The report also reiterates the Corps' finding that "[t]here is sufficient evidence to indicate that Corps dredging activities would disturb or otherwise release hazardous waste substances contained in the calcium sulfate. Therefore, it is recommended not to utilize the Piney Point Disposal area for dredge material disposal, but to secure another disposal site." *Id.* at 64 (HRK002702).

Public records like Exhibit 9 are routinely judicially noticed by the courts. "A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Universal Express, Inc. v. United States SEC*, 177 F. App'x 52, 53 (11th Cir. 2006) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)). Public records are among the permissible facts that a district court may consider. *Id.* (citing *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003)); *see also Henderson v. Sun Pharm. Indus., Ltd.*, 809 F. Supp. 2d 1373, 1379 n. 4. (N.D. Ga. 2011) ("The Court is permitted to take judicial notice of documents made publicly available by a government entity.") (citing *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010)). Records from public agencies concerning their official duties are properly subject to judicial notice. *See Charles v. Underhill Staffing Health Serv.*, 2021 U.S. Dist. LEXIS 42332, at *43-44 (M.D. Fla. Jan. 28, 2021); *Pozdol v. City of Miami*, 996 F. Supp. 2d 1290, 1299 n. 14

4

(S.D. Fla. 2014) (taking judicial notice of letter from U.S. Department of Justice); *Gonzalez v. Bayer Healthcare Pharm., Inc.*, 930 F. Supp. 2d 808, 811 (S.D. Tex. 2013) (taking judicial notice of FDA approval letter for prescription drug); *see also S. River Watershed All., Inc. v. DeKalb Cty.*, 484 F. Supp. 3d 1353, 1365 (N.D. Ga. 2020) (taking judicial notice of agency records that were "integral to the proper consideration and resolution of Plaintiffs' claims" and defendant's defenses). Defendants cannot reasonably contest the authenticity of this record, which originates from the Corps as part of its official activities at Piney Point.

## Local Rule 3.01(g) Certification

Plaintiffs have conferred with Defendants about this Second Motion for Judicial Notice, and represent as follows:

- FDEP states it will file a response in opposition to this Motion.
- Governor DeSantis does not take a position on this Motion.
- MCPA states it file a response to this Motion.
- Defendant HRK Holdings, LLC does not oppose this Motion.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request the Court take judicial notice of the exhibit submitted herewith.

Respectfully Submitted this 23rd Day of February, 2022.

/s/ Daniel C. Snyder
Daniel C. Snyder, *pro hac vice*
Charles M. Tebbutt
B. Parker Jones
Law Offices of Charles M. Tebbutt, P.C.

/s/ Jaclyn Lopez
Jaclyn Lopez, Florida Bar No. 96445
Center for Biological Diversity
PO Box 2155
St. Petersburg, FL 33731

5

941 Lawrence St.
Eugene, OR 97401
Tel: (541) 344-3505
Fax: (541) 344-3516
dan@tebbuttlaw.com
charlie@tebbuttlaw.com
parker@tebbuttlaw.com

Tel: (727) 490-9190
jlopez@biologicaldiversity.org

/s/ Justin Bloom
Justin Bloom, Florida Bar No. 89109
PO Box 1028
Sarasota, FL 34230
Tel: (941) 275-2922
bloomesq1@gmail.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2022, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties and their counsel of record in this case.

/s/ Daniel C. Snyder
Daniel C. Snyder, *pro hac vice*
Law Offices of Charles M. Tebbutt, P.C.
941 Lawrence St.
Eugene, OR 97401
Tel: (541) 344-3505
Fax: (541) 344-3516
dan@tebbuttlaw.com
