# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, TAMPA BAY WATERKEEPER, SUNCOAST WATERKEEPER, MANASOTA-88, *and* OUR CHILDREN'S EARTH FOUNDATION, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> GOVERNOR RON DeSANTIS, SHAWN HAMILTON, *in his official capacity as* SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, HRK HOLDINGS, LLC, *and* MANATEE COUNTY PORT AUTHORITY, <br><br> *Defendants*. | Case No. 8:21-cv-1521 <br><br><br><br> **FDEP'S LIMITED OPPOSITION TO PLAINTIFFS' SECOND MOTION FOR JUDICIAL NOTICE** |

For reasons substantially similar to those set forth in FDEP's Limited Opposition to Plaintiffs' Cross-Motion for Judicial Notice, Doc. 82, FDEP opposes judicial notice of Exhibit 9 to Plaintiffs' Second Motion for Judicial Notice with respect to the Court's consideration of FDEP's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

Plaintiffs' Second Amended Complaint, Doc. 50 ("SAC"), quotes extensively from a 2008 document authored by the United States Army Corps of Engineers (the "Corps"), titled "Draft Phase III General Reevaluation Report and Environmental Assessment Addendum" (the "2008 Corps Report"). *See* SAC ¶¶ 124–128. At the hearing on FDEP's Motion to Dismiss, Doc. 51 ("FMTD"), held February 15, 2022, the Court invited Plaintiffs to submit the 2008 Corps Report for the Court's review and to file a motion for judicial notice explaining how, if at all, the 2008 Corps Report may be considered by the Court in ruling on FDEP's Motion to Dismiss. On February 23, 2022, Plaintiffs filed their Second Motion for Judicial Notice, Doc. 92 ("PSRJN"), which attached the 2008 Corps Report as Exhibit 9.

As set forth in their motion, Plaintiffs rely on the 2008 Corps Report for, *inter alia*, certain conclusions or opinions stated therein, including that "'[t]he gypsum stack itself is not an engineered structure,' it 'contains hazardous and toxic materials,' and 'there is documentation of past slope stability and piping issues experienced at the site.'" PSRJN 2–3. Plaintiffs also invoke the 2008 Corps Report

for the prediction that, in the event of a liner breach at the facility, "'[s]uch a breach would allow water to saturate and cause a failure to the gypsum stack'" and "[f]ollowing such a breach, the 'dredged slurry could percolate into [the] phosphogypsum stack releasing a leachate that could be corrosive and toxic." *Id*. at 3 (citations omitted). Plaintiffs also cite to the 2008 Corps Report for the legal conclusion that such "mixing of otherwise *Bevill*-exempt phosphogypsum waste and dredged material would likely create a new hazardous waste leachate that 'would be designated as hazardous waste' assuming the requirements of 40 C.F.R. § 261.22 and 40 CFR § 261.24 are satisfied." *Id*.

## ARGUMENT

Rule 12(b)(6) requires Plaintiffs to state a claim for relief *in their complaint*. *See Merchant v. U.S. Dep't of Ed.*, 2021 WL 3738835, at *3 (M.D. Fla. Aug. 24, 2021) ("When considering a Rule 12(b)(6) motion, a court must determine whether the allegations contained in the plaintiff's complaint state a facially plausible claim for relief.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs are afforded discovery and the opportunity to prove their claims with admissible evidence if—*and only if*—Plaintiffs first allege sufficient facts in their pleadings for the Court to conclude that there is a plausible entitlement to relief if those allegations are proven. Plaintiffs cannot amend or supplement their pleadings through the introduction of evidence in their briefing on a motion to dismiss. *See In re Turbodyne Techs., Inc. Sec. Litig.*, 2000 WL 33961193, at *10 (C.D. Cal. Mar. 15, 2000) ("In deciding a

2

motion to dismiss, courts may not 'take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).'"); *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1166 (N.D. Cal. 2019) ("Plaintiffs request for judicial notice appears to be an attempt to amend the pleadings to add more allegations related to reliance and materiality."); *Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1350 (C.D. Cal. 2014) ("Plaintiffs cannot utilize the documents to amend the complaint and defeat defendants' motions to dismiss."); *Hayden v. Retail Equation, Inc.*, No. 820CV01203JWHDFMX, 2021 WL 5024502, at *8 (C.D. Cal. July 6, 2021) (same); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (declining to take judicial notice of a plaintiff's documents for their truth on a motion to dismiss).  In short, if the facts allegedly offered by the 2008 Corps Report were not included in the SAC, then they are off-limits for purposes of the Court's consideration of a motion to dismiss under Rule 12(b)(6).[1]

Therefore, FDEP opposes judicial notice of the 2008 Corps Report insofar as the allegations stated therein—many of which are speculation about what *could* occur under certain conditions far in the future—are used to augment the allegations actually included in the SAC.  For example, any of the 2008 Corps Report's statements about the structural integrity of the Facility or the toxic

---

[1] This is true even if the documents are otherwise properly subject to judicial notice. *Apple*, 386 F. Supp. 3d at 1165–66.

3

characteristics of any waste or mixture at the Facility are not judicially noticeable for purposes of FDEP's Motion to Dismiss under Rule 12(b)(6). If Plaintiffs had a reasonable basis to believe the facts stated fourteen years ago in the 2008 Corps Report were actually true at the time they filed any of their three complaints in this case, then Plaintiffs were required to include those allegations in their pleadings. Plaintiffs cannot now supplement or amend their deficient pleadings under the auspices of "judicial notice."

FDEP does not oppose judicial notice of the 2008 Corps Report insofar as the *legal* discussion therein assists the Court's understanding of the relevant legal framework. FDEP notes, however, that the Corps' views on the applicable law are not binding authority and are, in fact, erroneous. For example, in a passage cited by Plaintiffs, the 2008 Corps Report completely ignores the EPA rule that determines whether a mixture of Bevill-exempt and non-exempt wastes constitutes "hazardous waste" under RCRA. The 2008 Corps Report states that, in the event of a liner breach, non-exempt waste held in the reservoir "could percolate into the phosphogypsum stack releasing a leachate that could be corrosive and toxic," and "[i]f [that] leachate meets the characteristics [of hazardous waste] according to 40 C.F.R. 261.22 and 40 C.F.R.24, then the leachate would be designated as hazardous waste." PRJN Ex. 9 (HRK002701). But, as set forth in FDEP's Motion to Dismiss, the standard applicable to mixtures of Bevill-exempt and non-exempt wastes is provided by 40 C.F.R. § 261.3(a)(2)(i). In relevant part:

4

> any mixture of a waste from the extraction, beneficiation, and processing of ores and minerals excluded under § 261.4(b)(7) and any other solid waste exhibiting a characteristic of hazardous waste under subpart C is a hazardous waste only if it exhibits a characteristic that would not have been exhibited by the excluded waste alone if such mixture had not occurred, or if it continues to exhibit any of the characteristics exhibited by the non-excluded wastes prior to mixture.

In other words, it is *not enough* that a mixture of Bevill-exempt and non-exempt wastes merely exhibits the characteristics of corrosivity or toxicity (as the 2008 Corps Report suggests). Rather, the resulting mixture will only be designated a hazardous waste if (1) it exhibits those characteristics, *and* (2) those characteristics would not have been exhibited by the Bevill-exempt wastes on its own. This is a critical distinction because—as was evident at the hearing—Plaintiffs cannot identify any hazardous characteristic of the alleged "new leachate" that is not simply a characteristic of the Bevill-exempt phosphogypsum stacks themselves.

Finally, FDEP notes that in Plaintiffs' new request for judicial notice, they again fail to identify with specificity the waste they claim is at issue or how it otherwise meets the characteristics of hazardous waste. Instead, Plaintiffs again offer only a conclusory and vague statement: "This created a new hazardous waste leachate that independently satisfies the requirements for being deemed hazardous waste under RCRA." PSRJN 3. Such allegations are insufficient to survive a motion to dismiss. *See* FMTD 33—35; FDEP MTD Reply 14–16; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

5

enhancement.'" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007))).

Accordingly, FDEP opposes judicial notice of any factual findings or assertions made in Exhibit 9 for purposes of considering FDEP's Motion to Dismiss under Rule 12(b)(6).

## **CONCLUSION**

For the foregoing reasons, FDEP respectfully requests that the Court deny Plaintiffs' Second Motion for Judicial Notice in part and decline to take judicial notice of any factual findings or assertions made in Exhibit 9 in consideration of FDEP's Motion to Dismiss under Rule 12(b)(6).

Dated: February 25, 2022

Respectfully submitted,

s/ *Jesse Panuccio*
Jesse Panuccio
Fla. Bar No. 31401
jpanuccio@bsfllp.com
Carl Goldfarb
Fla. Bar No. 125891
cgoldfarb@bsfllp.com
BOIES SCHILLER FLEXNER LLP
401 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 356-0011
Facsimile:  (954) 356-0022

*Counsel for Defendant FDEP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of February, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


              s/ *Jesse Panuccio*
              Jesse Panuccio