IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, TAMPA BAY WATERKEEPER, SUNCOAST WATERKEEPER, MANASOTA-88, *and* OUR CHILDREN'S EARTH FOUNDATION,<br><br>     *Plaintiffs*,<br><br>     *v.*<br><br>GOVERNOR RON DeSANTIS,<br><br>*and* SHAWN HAMILTON, *in his official capacity as* SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, *and* HRK HOLDINGS, LLC, *and* MANATEE COUNTY PORT AUTHORITY,<br><br>     *Defendants*. | Case No. 8:21-cv-1521-WFJ-CPT<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF CONCERNING REGULATION OF PINEY POINT UNDER THE FEDERAL WATER POLLUTION CONTROL ACT** |

Plaintiffs respectfully submit this supplemental brief requested by this Court concerning the regulation of Piney Point under the Federal Water Pollution Control Act, otherwise known as the Clean Water Act, 33 U.S.C. § 1251 *et seq*. During the February 15, 2022 hearing on Defendants' motions to dismiss, the Court invited Plaintiffs and Defendant Shawn Hamilton, Secretary of the Florida Department of Environmental Protection ("FDEP") to submit supplemental briefing concerning the pedigree of the "Administrative Agreement" between FDEP and Defendant HRK Holdings, LLC ("HRK"), and whether a National Pollutant Discharge Elimination

System ("NPDES") permit exists for Piney Point. Following the hearing, counsel for Plaintiffs and FDEP conferred and agreed to submit briefs not exceeding eight pages on or before February 25, 2022.

## Legal Background

The Clean Water Act "is a cornerstone of the federal effort to protect the environment." *Waterkeeper All., Inc. v. U.S. E.P.A.*, 399 F.3d 486, 490 (2d Cir. 2005). Congress enacted the Clean Water Act "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters" with the goal of eliminating surface water discharges by 1985. 33 U.S.C. § 1251(a). Section 402 of the Clean Water Act "absolutely prohibits the discharge of any pollutant by any person, *unless* the discharge is made according to the terms of a NPDES permit." *Driscoll v. Adams*, 181 F.3d 1285, 1288 (11th Cir. 1999) (citation omitted); 33 U.S.C. §§ 1311, 1342. Therefore, compliance with the Clean Water Act's discharge prohibition is *only* achieved by obtaining a NPDES permit. 33 U.S.C. § 1342. Civil liability for violations of Clean Water Act § 402 is "strict," and "good faith or lack of knowledge" is not a defense. *Kelly v. EPA*, 203 F.3d 519, 522 (7th Cir. 2000).

The EPA or states with a federally-approved permitting system issue NPDES permits. *Waterkeeper All., Inc.*, 399 F.3d at 491 (citing 33 U.S.C. § 1342). The Clean Water Act "authorizes the individual states to establish and maintain their own NPDES-permit program so long as it meets the standards set forth in the Clean Water Act and is approved by the Administrator of the EPA." *Black Warrior*

*Riverkeeper, Inc. v. Cherokee Mining, LLC*, 548 F.3d 986, 989 (11th Cir. 2008). Florida is a "delegated" state and operates the state's NPDES program. Fla. Stat. § 403.0885.

"NPDES requires dischargers to obtain permits that place limits on the type and quantity of pollutants that can be released into the Nation's water." *S. Fla. Water Mgmt. Dist. v. Miccosukee Tribe of Indians*, 541 U.S. 95, 102 (2004). The terms of a NPDES permit are binding and enforceable against the permittee, 40 C.F.R. § 122.41(a), and are intended to be issued for five-year terms. 40 C.F.R. § 122.46(a); 40 C.F.R. § 123.25(17) (incorporating duration requirement for state NPDES programs). Failure to comply with a NPDES permit subjects "a violator to either civil, criminal, or administrative enforcement proceedings and sanctions[,]" including a private civil action brought by citizens pursuant to 33 U.S.C. § 1365(a). *Black Warrior Riverkeeper, Inc.*, 548 F.3d at 989; *see also Friends of the Earth v. Carey*, 535 F.2d 165, 172 (2d Cir. 1976) (citizens "are not to be treated as nuisances or troublemakers but rather as welcomed participants" under the Clean Water Act).

## Factual Background

FDEP issued a NPDES permit authorizing discharges from the Piney Point site to Piney Point Phosphates, Inc. ("PPP") on October 6, 1999. ECF No. 52 at 182 (FDEP Mot. for Judicial Notice, Ex. H); Decl. of Daniel C. Snyder, Ex. A.[1] The

---

[1] Plaintiffs submit herewith a response from the United States Environmental Protection Agency ("EPA") under the Freedom of Information Act. A request was made to EPA for a copy of the last-issued NPDES permit for the Piney Point site. EPA produced the exact same 1999 NPDES Permit, "FL0000124," as is offered for judicial notice by FDEP. *Compare* Snyder Decl. Ex A *with* ECF No. 52 at 182-207 (same permit).

1999 NPDES permit had an expiration date of March 25, 2001. ECF No. 52 at 182. PPP submitted an application to FDEP to renew the 1999 NPDES permit on September 22, 2000, and FDEP denied that renewal application on December 4, 2000. ECF No. 52 at 149 (Administrative Agreement ¶ 1.d. & e.).

PPP sought review of FDEP's 2000 denial by petitioning for an administrative proceeding on February 21, 2001. ECF No. 72-1, Ex. 1 at ¶ 4. The proceedings in the administrative process were continued 19 times over five years. ECF No. 72-2, Ex. 2 (Nineteenth Continuance). In the final request, the parties noted that "[t]he pending administrative case has extended the expiration date of the existing permit[]…[i]f the administrative case is closed and a final order is entered, the permit expire[s]." *Id*. at 2. The parties represented that FDEP was soliciting bids for the closure of Piney Point through either: (1) the transfer of the "expired, but administratively continued NPDES permit" to the selected contractor; or (2) by issuing "the selected contractor an Administrative Order" that would include a "compliance schedule by which the contractor would apply for transfer and renewal of the NPDES permit." *Id*. at 2-3.

On March 24, 2006, FDEP and PPP (through counsel for the receiver) moved to have the administrative law judge "relinquish jurisdiction" of PPP's challenge of FDEP's 2000 renewal application denial, stating that FDEP "has been reviewing the contractor's application for transfer and renewal of the NPDES wastewater permit and is prepared to take agency action on the application." ECF No. 72-3 at 2 (¶ 3). The case was thereafter closed on March 27, 2006, eliminating any further opportunity to challenge FDEP's denial of PPP's 2000 NPDES renewal application.

4

Where an applicant has applied for a NPDES permit renewal, their permit "shall not expire until the application has been finally acted upon or until the last day for seeking judicial review of the agency order or a later date fixed by order of the reviewing court." Fla. Stat. § 403.0885(3). FDEP took final action on the 1999 NPDES permit on December 4, 2000 when it denied PPP's application for renewal. The administratively extended permit thus expired on March 27, 2006 when the administrative law judge closed the case seeking review of FDEP's denial.

FDEP never issued a new or renewed NPDES permit; instead, during the pendency of the administrative challenge, FDEP executed an Administrative Agreement with CDM Constructors, Inc. on March 30, 2005. ECF No. 52 at 149-150 (Administrative Agreement ¶ 1.i). Defendant HRK joined the Administrative Agreement as the "Responsible Authority" on January 28, 2011. *Id.* (¶ 1.m). That Agreement continues "in-force" until FDEP "takes Final Agency Action on re-issuance of the NPDES Wastewater Permit No. FL0000124." *Id.* (¶ 2). FDEP's action against HRK also states that FDEP "has not taken final agency action on the re-issuance of the NPDES Wastewater Permit No. FL0000124." *Id.* at 124, ¶ 46. To date, FDEP has not issued a new or renewed NPDES permit for Piney Point.

## ARGUMENT

There is no NPDES permit for Piney Point, and the Administrative Agreement is neither a NPDES permit nor its functional equivalent. FDEP last issued a NPDES permit for Piney Point in 1999. Snyder Decl. Ex. A. That permit expired in 2001, and the administrative continuance expired in 2006. To the extent

5

FDEP purports it subsequently transferred the 1999 NPDES permit from PPP to a new entity, that transfer was unlawful because the administratively extended permit permanently expired on March 27, 2006, the date that PPP's challenge was closed. In any event, there is no currently active NPDES permit issued to any operator at Piney Point. All that exists is an Administrative Agreement, but the Clean Water Act does not authorize FDEP to substitute administrative orders for NPDES permits.

In addition to being actually, technically, and legally distinct from a NPDES permit, the Administrative Agreement is also not the functional equivalent of a NPDES permit, as illustrated in the chart below.

| NPDES Permitting Requirements | Administrative Agreement |
|---|---|
| "Terms, conditions, requirements, limitations, and restrictions set forth in a NPDES permit are **binding and enforceable**[.]" Fla. Admin. Code § 62-620.610(1) (emphasis added).<br><br>Permits "may be modified, revoked and reissued, or terminated **for cause**." Fla Admin. Code § 62-620.610(8) (emphasis added); *see also* 40 C.F.R. § 122.62 (permit modification authorized for cause and describing process); 40 C.F.R. § 123.25(22) (incorporating requirements of 40 C.F.R. § 122.62 to state delegated NPDES programs). | "This Agreement **may be amended by mutual consent of the parties**. No modifications of the terms of this Administrative Agreement shall be effective until reduced to writing and executed by both the Responsible Authority and the Department." ECF No. 52 at 164, ¶ 11.1 (emphasis added). |
| "The state NPDES permit shall be **the sole permit** issued by the state under this chapter regulating the discharge of pollutants or wastes into surface waters within the state for discharges covered by the United States Environmental Protection Agency approved state NPDES program." Fla. Stat. | "This Administrative Agreement is a Final Order of the Department pursuant to Section 120.52(7), Florida Statutes, and it is final and effective on the date filed with the Clerk of the Department unless a Petition for Administrative Hearing is filed in accordance with |

6

| | |
|---|---|
| 403.0885(2) (emphasis added); *see also* ECF No. 52 at 182 (1999 permit) ("This permit is issued under the provisions of Chapter 403, Florida Statutes...and constitutes authorization to discharge to waters of the state under the National Pollutant Discharge Elimination System."). | Chapter 120, Florida Statutes." ECF No. 52 at 164, ¶ 11.n. Fla. Stat. § 120.52(7) defines "final order" under the Florida Administrative Procedure Act, not the state NPDES program. |
| NPDES permits valid for five-year terms. Fla. Admin. Code § 62-620.320(8); 40 C.F.R. § 122.46(a); 40 C.F.R. 123.25(16). | The Administrative Agreement does not identify a termination date in its terms. It therefore continues indefinitely. |
| NPDES permittees must submit applications to renew NPDES permits at least 180 days before their expiration. Fla. Admin. Code § 62-620.335; 40 C.F.R. § 122.41(b); 40 C.F.R. § 123.25(12). | There is no duty to reapply for a permit under the Administrative Agreement. |
| NPDES permits are enforceable by citizens in federal court for violations of an "effluent standard or limitation." 33 U.S.C. § 1365(a)(1). An "effluent standard or limitation" includes a "permit or condition of a permit issued under" 33 U.S.C. § 1342. 33 U.S.C. § 1365(f). | The Administrative Agreement is not enforceable by citizens in federal district court because it is a final order under Florida's Administrative Procedure Act, Fla. Stat. § 120.52(7), and therefore only challengeable in a state administrative hearing by those whose "substantial interests" are affected. Fla. Stat. § 120.569. It is also not an "effluent standard or limitation" as defined by 33 U.S.C. § 1365(f). |
| Permittees are strictly liable for violations of the terms and conditions of their NPDES permits. *Kelly*, 203 F.3d at 522; *Draper v. H. Roberts Family, LLC*, No. 1:06-CV-3057-CC, 2009 U.S. Dist. LEXIS 132853, at *53 (N.D. Ga. Mar. 30, 2009). | The Administrative Agreement contains a force majeure clause excusing violations resulting from delays. ECF No. 52 at 162-163, ¶ 11.a. |
| NPDES permit renewals, revisions, and certain modifications require public participation in the form of public notices, public comment periods, and | Participation by non-parties in the Administrative Agreement's issuance is limited to those whose "substantial interests" have been affected under |

7

| | |
|---|---|
| public hearings. Fla. Admin. Code §§ 62-620.550(2)(a), 62-620.555; *see also* 40 C.F.R. §§ 124.10, 124.11, 124.12 (mandatory public notice, comment, and hearing requirements under Clean Water Act); 40 C.F.R. § 125.25(28)-(30) (incorporating those requirements for delegated state NPDES permitting programs). | Florida Administrative Procedure Act. ECF No. 52 at 163, ¶ 11.b. The "substantial interests" test is not a substitute for the Clean Water Act's public participation requirements. *Suncoast Waterkeeper v. City of St. Petersburg*, No. 8:16-cv-3319-T-27AEP, 2018 U.S. Dist. LEXIS 8960, at *6-7 (M.D. Fla. Jan. 19, 2018). |

## CONCLUSION

The Administrative Agreement is not a NPDES permit. The only lawful NPDES permit issued by FDEP for Piney Point expired 20 years ago.

Respectfully Submitted this 25th Day of February, 2022.

/s/ Daniel C. Snyder
Daniel C. Snyder, *pro hac vice*
Charles M. Tebbutt
B. Parker Jones
Law Offices of Charles M. Tebbutt, P.C.
941 Lawrence St.
Eugene, OR 97401
Tel: (541) 344-3505
Fax: (541)344-3516
dan@tebbuttlaw.com
charlie@tebbuttlaw.com
parker@tebbuttlaw.com

/s/ Jaclyn Lopez
Jaclyn Lopez, Florida Bar No. 96445
Center for Biological Diversity
PO Box 2155
St. Petersburg, FL 33731
Tel: (727) 490-9190
jlopez@biologicaldiversity.org

/s/ Justin Bloom
Justin Bloom, Florida Bar No. 89109
PO Box 1028
Sarasota, FL 34230
Tel: (941) 275-2922
bloomesq1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties and their counsel of record in this case.

/s/ Daniel C. Snyder
Daniel C. Snyder, *pro hac vice*