## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, TAMPA BAY WATERKEEPER, SUNCOAST WATERKEEPER, MANASOTA-88, *and* OUR CHILDREN'S EARTH FOUNDATION, | Case No. 8:21-cv-1521-WFJ-CPT |
| *Plaintiffs*, | **PLAINTIFFS' RENEWED MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS** |
| *v.* | |
| SHAWN HAMILTON, *in his official capacity as* SECRETARY, FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, | |
| *and* | |
| HRK HOLDINGS, LLC, | |
| *Defendants*. | |

### RENEWED MOTION TO COMPEL

Plaintiffs, Center for Biological Diversity, Tampa Bay Waterkeeper, Suncoast Waterkeeper, Manasota-88, and Our Children's Earth Foundation (collectively, "Plaintiffs"), move for an order compelling Defendant HRK Holdings, LLC ("HRK") to search for and produce documents responsive to Plaintiffs' discovery requests on HRK's Google Workspace account associated with HRK's principal manager's email address, mharley@arsenalgrp.com, as well as hardcopy records allegedly kept by HRK at Mr. Harley's personal residence. Pursuant to Fed. R. Civ.

P. 37(a)(1), the undersigned certifies that Plaintiffs have attempted to confer with HRK in good faith about these discovery requests, over a period of many months. *See, e.g.,* ECF No. 130 (Plaintiffs' first Motion to Compel). Those attempts have been and remain unavailing.

Plaintiffs first moved to compel discovery in April 2023. Since that time, Plaintiffs have learned that Mr. Harley's email address utilized directly for HRK business, mharley@asrenalgrp.com, is still registered with Google, and that Mr. Harley did not make use of Google's tools to recover his account. As a result, Plaintiffs renew their motion to compel. Plaintiffs' Local Rule 3.01(g) certification appears at the end of this Motion.

Plaintiffs note that HRK's attorney is seeking to withdraw from this case. ECF No. 154. Plaintiffs informed HRK's attorney that they object to the withdrawal over concerns of prejudice to Plaintiffs.

## I.   RELEVANT BACKGROUND

The original background and written discovery underlying this motion is set out in Plaintiff's April 2023 motion to compel, ECF No. 130. Following oral argument on the Motion, the Court ordered HRK (through Mr. Harley) to submit amended discovery responses to Plaintiffs. *See* ECF No. 138 (HRK's "Notice of Compliance."). Accordingly, on May 31, 2023, HRK served a "Discovery Declaration" on Plaintiffs. Declaration of Daniel C. Snyder, filed herewith, ¶ 2 & Ex. 1. That Declaration states, *inter alia*, that Google "canceled" the mharley@arsenalgrp.com account. *See, e.g., id.* at ¶ 17-18.

2

On June 5, 2023, Plaintiffs raised several issues with HRK regarding the Discovery Declaration, including a lack of information about the Google account and inapposite objections to a Request for Production. Snyder Decl. ¶ 3 & Ex. 2 at 2. In particular, Plaintiffs noted the lack of a date on which the "Google business account" was "closed." *Id*. Plaintiffs requested HRK's consent to a subpoena to Google for the contents of the account, including a provision that would give HRK 14 days to review materials for privilege or work product. *Id*. Plaintiffs noted that they would subpoena Google in the ordinary course if HRK did not respond or declined to provide its consent. *Id*. When HRK did not respond, Plaintiffs wrote again on June 14, 2023, requesting a response by June 16. *Id*. at 1. No response was received.

On June 21, 2023, the Court found Plaintiffs' motion to compel moot. ECF No. 141.

On June 26, 2023, Plaintiffs again wrote HRK's counsel, requesting a response about the Google Business Account was supposedly "cancelled" or closed. Snyder Decl. Ex. 3.

Having heard no response from HRK, on June 27, 2023, Plaintiffs subpoenaed Google concerning the Google account associated with HRK and Mr. Harley. *Id*. Ex. 4 (Plaintiffs' Rule 45(a)(4) notice of subpoena) & Ex. 5 (Google Subpoena).

On July 7, 2023, Google served on Plaintiffs' counsel an objection to the subpoena. *Id*. Ex. 6. That objection confirms that Google maintains a workspace domain associated with Mr. Harley's email address, mharley@arsenalgrp.com. *Id*.

The objection also provides instructions on how Mr. Harley could access his information using Google's "Takeout" feature. *Id.* at 2.

On July 10, 2023, Plaintiffs counsel wrote again to HRK, informing HRK of Google's objection to the subpoena and of Google's "Takeout" feature. *Id.* Ex. 7. Plaintiffs' email read in part:

> We do not wish to engage in another round of discovery motions, but your refusal to respond to emails, phone calls, and text messages puts us in a difficult position. Nonetheless, and with an eye toward our obligations under the Middle District of Florida's Civil Discovery Handbook, we are writing to provide Defendant HRK Holdings, LLC with a final opportunity to address this situation. **We request that you instruct Mr. Harley to utilize the Google Take Out process, as well as any necessary account recovery / password recovery process, to download the G-Suite/Google Workspaces material and produce responsive documents consistent with Plaintiffs' written discovery requests. There are ample means of obtaining any lost login information, and HRK and Mr. Harley have a duty under the discovery rules to make a good faith effort to access that information.**

*Id.* (emphasis in original). No response was received to this email.

In the interim, Plaintiffs engaged in a targeted third-party discovery effort. Plaintiffs subpoenaed Mr. Jeffrey Barath and, after conferring with counsel for Mr. Barath and Defendant Shawn Hamilton, Florida Department of Environmental Protection ("FDEP"), agreed upon two narrowed discovery requests. Snyder Decl. ¶ 9. Mr. Barath produced over 10,000 pages of records responding to these limited requests, including communications with Mr. Harley at his mharley@arsenalgrp.com email address. *Id.* Relevant to the current motion, two of the records provided by Mr. Barath show that HRK and Mr. Harley had prior knowledge of Plaintiffs' notice of intent to sue (May 19, 2021) as of May 21, 2021,

4

and received copies of Plaintiffs' first complaint (June 25, 2021) as of June 25, 2021.
*Id*. Ex. 8. Importantly, both documents were transmitted directly to Mr. Harley at his
mrharley@arsenalgrp.com email address. *Id*.

On August 10, 2023, Plaintiffs served written discovery on FDEP concerning
Mr. Harley's email address. *Id*. ¶ 11. In response to a limited Request for Production
for communications exchanged with mharley@arsenalgrp.com, as well as two other
associated email addresses, from 2018 through August 10, 2023, FDEP produced
over 10,000 pages of records. *Id*.

On October 10, 2023, Plaintiffs took Mr. Harley's deposition. Relevant to the
current motion, Mr. Harley made key admissions on the record. First, as to his role
as HRK's principal manager, Mr. Harley acknowledged using his
mharley@arsenalgrp.com email address to conduct HRK business:

> Q.  So fair to say in your role as HRK's principal manager
> you used your Arsenal Group accounts to conduct HRK
> business?
> A. Yes.

Snyder Decl., Ex. 9, Harley Tr. at 80:21-24.

Despite receiving copies of Plaintiffs' notice of intent and complaint at his
mharley@arsenalgrp.com address in May and June of 2021, *supra*, Mr. Harley took
no efforts to preserve information on his account beyond not destroying it:

```
Q. Did you take any steps to preserve the information in

the account after you learned of the litigation of May 17th

of 2021?

A. No. I mean, outside of not destroying it. But I wouldn't

have destroyed it anyway, so really no.
```

*Id.* at 80:25-81:4. The account was supposedly "shut down" over a year later in

August, 2022. *Id.* at 30:21-25; 78:7-15.

In responding to Plaintiffs' discovery requests, Mr. Harley attempted to access

his mharley@arsenalgrp.com account one time:

```
Q. So just walk me through this. You say it was shut down.

You attempted to log into your account and it just said

"password rejected"?

A.   That's correct.

Q.   And so you did not click right underneath that "reset

your password" or "forget my  password"?

A. I recall when I did it, nothing worked. So I

said, okay, well, I need another email[.]
```

*Id.* at 84:20-85:2. Mr. Harley noted on the record that he doesn't have "a personal

objection to you having access to those files, you know. They're informative." *Id.* at

85:1-9. Despite the "informative" nature of the records held on the Google

Workspace account, however, Mr. Harley made no further attempts to gain access to

the information:

```
Q.  And you did not seek to contact Google to gain access

to those  files?

A.  No. I tried some things on my own, but  --

Q.  But you never picked up the phone and called Google's

customer service or  anything?

A.  No, no.

Q.  And you never --

A. They would probably ask me questions like who set this up and

who controls it, you know. None of those questions I could have

answered, so outside of this is my name and this is my password.

Q.  And so, for instance, you didn't search on Google like

how to recover your Google  account?

A. No. If I had known you knew how to do that, I might have

called you, but that's --
```

*Id.* at 87:5-19.

Finally, Mr. Harley admitted that he had HRK records that were "a couple inches" thick at his personal home that have not been produced to Plaintiffs in discovery. *Id.* at 21:12-17. And he was candid in testifying that he provided <u>no documents</u> to Mr. Herbert Donica, nor did Mr. Donica request any documentation of him or HRK. *Id.* at 67:14-25.

HRK has failed to engage in even a bare minimum of responding to requests for production under the Federal Rules. HRK's decision to simply "give up" after one attempt at access a Google Workspace is at odds with Rule 37, this Court's Local Rules, and the Middle District of Florida Discovery Handbook.  Because

conferral has been futile, Plaintiffs are left with no choice but to again involve the Court in this discovery dispute.

## II.   MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), as well as Fed. R. Civ. P. 37(a)(4), Plaintiffs respectfully move the Court for an Order compelling HRK and Mr. Harley to (1) utilize the Google Takeout feature or other appropriate means, such as a phone call to Google's customer service, to gain access to Mr. Harley's mharley@arsenalgrp.com Google workspace account; (2) search for and produce documents from Mr. Harley's mharley@arsenalgrp.com email address and Google workspace account that are responsive to Plaintiffs' discovery requests; and (3) review and produce the hardcopy HRK records held at Mr. Harley's personal residence. If Mr. Harley's Google Workspace account is truly irretrievable following these access attempts, then Plaintiffs will file an appropriate spoliation motion given Mr. Harley and HRK were aware of this lawsuit for over a year prior to the account supposedly being "cancelled." Fed. R. Civ. P. 37(e).

Following Plaintiffs' first Motion to Compel, HRK served its updated Discovery Declaration, in which Mr. Harley attested that all records responsive to Plaintiffs' discovery requests were either at the Piney Point trailer and in the Receiver's possession or were on Mr. Harley's Google email account to which he no longer allegedly has access. Snyder Decl. Ex. 1, pp. 4-7. Based on the deposition and third-party discovery obtained to date, those statements are questionable, at best.

"Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). As Plaintiffs previously explained, the Google Drive Terms of Service state:

> Google Drive allows you to upload, submit, store, send and receive content. As described in the Google Terms of Service, your content remains yours. We do not claim ownership in any of your content, including any text, data, information, and files that you upload, share, or store in your Drive account.

*See* ECF No. 130 at 11. Thus, HRK files stored by Google remain in HRK's control, as Google's terms expressly state that "your content remains yours . . . we do not claim ownership in any of your content." Nonetheless, HRK has not exerted any effort — *e.g.*, using the Google Takeout feature that Plaintiffs made HRK aware of on July 10, 2023, Snyder Decl. Ex. 7, or simply contacting Google's customer service — to access its Google account.

This type of discovery gamesmanship should not be countenanced by the Court. *See, e.g.*, *Marksman Sec. Corp. v. P.G. Sec., Inc.*, No. 19-62467-CIV, 2021 WL 6498217, at *3 (S.D. Fla. Oct. 12, 2021) ("In this day and age, the undersigned finds it baffling that attorneys practicing in the field of intellectual property do not know how to use the function 'forgot password.' . . . The undersigned finds this failure enough to determine that Defendants failed to take reasonable steps to preserve the Gmail account."); *Collins-Williams v. Contour Eastwyck LLC*, No. 1:20-CV-3129-CAP, 2022 WL 17828934, at *13 (N.D. Ga. Dec. 15, 2022) ("Because the defendant

proactively divested itself of access to the Gmail accounts and then sought to stall and argue rather than seek to regain access to the accounts it was clearly under an obligation to preserve, the court finds the defendant acted with the intent to deprive the plaintiffs of access to these accounts sufficient to incur the most severe sanctions.").

It is improper for HRK to identify a Google account upon which HRK conducted the majority of its business but take no affirmative steps to preserve that ESI. It flaunts the discovery rules to assert that account was "cancelled" over a year after this case commenced while taking no subsequent steps to access that account – not even a simple phone call to Google. Google's response to Plaintiff's subpoena reflects that the HRK's Google Workspace account and the mharley@arsenalgrp.com email address still exist. And Google's terms of service plainly show that HRK maintains control and ownership of its account – the company even has a dedicated feature, the Google "Takeout," that allows individuals to gain access to their information.

It is also improper for HRK to withhold physical HRK documents that were in Mr. Harley's possession without any claim of privilege or work product. Those records should have been produced in response to written discovery served nearly nine months prior.

Plaintiffs request that the Court consider sanctions under Fed. R. Civ. P. 37(a)(5)(A), including payment of Plaintiffs' attorneys' fees and costs incurred in

bringing this Motion. In light of HRK's claimed financial poverty, Plaintiffs ask the Court to consider whether sanctions against HRK's attorney are appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an Order compelling HRK and Mr. Harley to (1) utilize the Google Takeout feature or other appropriate means, such as a phone call to Google's customer service, to gain access to Mr. Harley's mharley@arsenalgrp.com Google workspace account; (2) search for and produce documents from Mr. Harley's mharley@arsenalgrp.com email address and Google workspace account that are responsive to Plaintiffs' discovery requests; and (3) review and produce the hardcopy HRK records held at Mr. Harley's personal residence. Plaintiffs also request the Court consider and award sanctions under Fed. R. Civ. P. 37(a)(5)(A).

## LOCAL RULE 3.01(g) CERTIFICATION

As required by Middle District Local Rule 3.01(g), I certify that Plaintiff's counsel communicated with Defendant's counsel numerous times in an attempt to resolve the issues raised by this Motion. *See* ECF No. 130 at 14 (outlining communication attempts related to first Motion to Compel, the subject matter being identical to the instant motion); *see also* Snyder Decl. Exs. 2, 3, and 7. Based on HRK's continued non-responsiveness to these issues over a period of months, including failing to respond to Plaintiffs' repeated requests for conferrals and additional information, Plaintiffs are left with only one conclusion: HRK does not agree to the relief requested in this Motion.

11

RESPECTFULLY SUBMITTED THIS 21ST DAY OF NOVEMBER, 2023.

/s/ Daniel C. Snyder
Daniel C. Snyder, *pro hac vice*
*Lead Counsel*
PUBLIC JUSTICE
1620 L Street NW, Suite 630
Washington, DC 20036
Tel: (202) 861-5251
Fax: (202) 232-7203
dsnyder@publicjustice.net

/s/ Charles Tebbutt
Charles M. Tebbutt, *pro hac vice*
Law Offices of Charles M. Tebbutt, P.C.
941 Lawrence St.
Eugene, OR 97401
Tel: (541) 344-3505
Fax: (541)344-3516
charlie@tebbuttlaw.com

*Attorneys for Plaintiffs*

/s/ Ragan Whitlock
Ragan Whitlock
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 426-3653
rwhitlock@biologicaldiversity.org

/s/ Justin Bloom
Justin Bloom
PO Box 1028
Sarasota, FL 34230
Tel: (941) 275-2922
bloomesq1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2023, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to all parties and their counsel of record in this case.

I further certify that, pursuant to Fed. R. Civ. P. 5(b)(2)(C), the foregoing document will be served on Defendant HRK Holdings, LLC's physical address by placing the same in U.S. mail, as provided for by HRK's current counsel:

> HRK Holdings, LLC
> c/o William Harley III
> 13500 Scale Ave
> PALMETTO, FL 34221
>
> *And via Courtesy E-Mail to:*
> wharley736@gmail.com

/s/ Daniel C. Snyder
Daniel C. Snyder, *pro hac vice*