UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTER FOR BIOLOGICAL
DIVERSITY,
TAMPA BAY WATERKEEPER,
SUNCOAST WATERKEEPER,
MANASOTA-88, and
OUR CHILDREN'S EARTH
FOUNDATION,

    Plaintiffs,
v.                                                          Case No. 8:21-cv-1521-WFJ-CPT

HRK HOLDINGS, LLC,

    Defendant.
_____/

# ORDER

Before the Court is Plaintiffs' application for final default judgment against Defendant HRK Holdings, LLC ("HRK"). Dkt. 185. After careful consideration of the pleadings, submissions, and the entire file, the Court grants the motion.

## Background

HRK's counsel appeared in this action and filed a motion to dismiss the operative Second Amended Complaint in December 2021. Dkt. 54. Counsel attended status conferences and motion hearings. Dkts. 91 (2/15/2022); 113 (10/17/2022); 136 (5/5/2023). In October 2023, the Court learned that HRK's

counsel had informed other parties that it would not be participating in the court-ordered mediation. Dkt. 146 at 3.

HRK's attorney was permitted to withdraw as counsel in February 2024, and the Court ordered HRK, as a corporate entity, to secure substitute counsel. Dkt. 179; *see* Local R. 2.02(b)(2), M.D. Fla..[1] HRK did not obtain counsel, and a clerk's default was entered against it on April 30, 2024. Dkt. 182.

## Standard for Default

Where a party against whom a default judgment is sought "otherwise defends" the action, the court (or clerk) is without power to enter a default pursuant to Federal Rule of Civil Procedure 55. *See Bristow v. White Star Com., Inc.*, No. 1:21-cv-183-SDG, 2024 WL 3512805, at *1 (N.D. Ga. July 22, 2024) (citing Fed. R. Civ. P. 55). The term "otherwise defend" expands situations in which a default is not permitted to include challenges to service of process as well as "motions to dismiss." *Bass v. Hoagland*, 172 F.2d 205, 210 (5th Cir. 1949).[2] Because HRK initially appeared in this action through counsel and filed a motion to dismiss, the authority to enter a default must arise from Rules 16(f) and 37(b)(2), and the

---

[1] *See also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (noting that "even where the person seeking to represent the corporation is its president and major stockholder," the corporation must secure its own counsel).
[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

2

Court's inherent powers. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306–07 (11th Cir. 2009) (affirming default under court's inherent powers); *Bristow*, 2024 WL 3512805, *2 (entering default under Rule 16(f) for failure to secure new counsel); *Kearney Mach. & Supply Inc. v. Shenyang Mach. Tool Co. Ltd.*, No. 2:19-cv-1828-ACA, 2022 WL 2496199 (N.D. Ala. July 6, 2022) (entering default under Rules 16 and 37 in addition to court's inherent powers).

Here, the Court draws upon Rule 16 to enter a default judgment. This rule permits sanctions if a party fails to obey a pretrial order. Fed. R. Civ. P. 16(f)(1)(C). Specifically, Rule 16(f) allows the court to issue orders authorized by Rule 37(b)(2)(A)(ii)–(vii), which includes "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi).

HRK disregarded three separate orders to obtain new counsel, both prior to and after HRK's counsel was granted permission to withdraw. In November 2023, HRK's counsel filed a motion to withdraw. Dkt. 154. Plaintiffs objected, and a hearing was held on January 10, 2024. Dkts. 159 (objection), 171 (clerk's minutes). The Court entered an order that day denying the motion to withdraw without prejudice and giving HRK until January 24 to secure substitute counsel. Dkt. 170. No substitute counsel appeared.

3

On February 6, the Court again entered an order directing HRK to secure counsel, this time giving it until February 13 to provide information on a substitute counsel or show cause for its failure to comply with the January 10 order. Dkt. 173. No notice of appearance was filed, and on February 13, HRK's counsel filed another renewed motion to withdraw. Dkt. 175.

On February 28, the Court granted the motion to withdraw and ordered HRK to secure counsel by March 28. Dkt. 179. The Court further directed Plaintiffs to seek a clerk's default against HRK should it fail to comply with the order. *Id*. No notice of appearance was filed on behalf HRK, and a clerk's default was sought and entered against HRK. Dkts. 181, 182.

Apart from HRK ignoring three courts orders to secure counsel, there are no due process notice concerns here. *See Bass*, 172 F.2d at 210 (setting aside default judgment where counsel filed a denial of claim—plaintiff was required to prove case); *Liberty Mut. Ins. Co. v. Fleet Force, Inc.*, No. CV-09-S-773-NW, 2013 WL 3357167, at *7–8 (N.D. Ala. July 1, 2013) (granting default by distinguishing *Bass* where Bass's counsel filed a denial but "withdrew" unbeknownst to Bass and without consent). Each motion filed by HRK's counsel states that he notified HRK of the motions to withdraw and provides a physical address and email for HRK. On February 13, HRK's counsel filed a notice that HRK lacked the resources to hire replacement counsel and understood that as a corporate entity, it could not

4

represent itself *pro se* and "could face default." Dkt. 174. Thereafter, the Clerk's office mailed all orders to HRK at the address given by HRK's counsel, including the default.

In addition to the orders to obtain counsel, HRK also failed to participate in court-ordered mediation. Based on this record, the Court finds these failures establish bad faith and delay on the part of HRK. *See Broad. Music, Inc. v. MBratta Enters. Inc.*, No. 2:14-cv-125-FtM-29CM, 2015 WL 3765200, at *2–3 (M.D. Fla. June 16, 2015) (striking answer and entering default as sanction for failing to participate in mediation and securing counsel pursuant to court orders). The Court further finds that any measure less drastic than a default judgment is inadequate to ensure compliance with the court's orders. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

Having determined that a default judgment is warranted, the Court must next evaluate whether the well-pleaded allegations of the pleadings show a sufficient basis to find that HRK is liable. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (requiring sufficient basis in pleadings); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (requiring well-pleaded allegations state a claim, regardless of willfulness of party's violation). The well-pleaded facts of Count II of the Second Amended Complaint allege that HRK is liable under the Clean Water Act for discharged pollutants into waters of

the United States from a point source without a NPDES permit. Dkt. 50 ¶¶ 362–374. HRK is therefore deemed to have admitted liability on these well-pleaded allegations. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

### Declaratory Relief and Damages

Consistent with the allegations, the Court finds HRK violated the Clean Water Act. Specifically, these unpermitted violations occurred each day of the 2021 Discharge Event—starting March 26 through April 9, 2021. Dkt. 50 ¶¶ 6, 307, 309, 313, 362, 367–69. The maximum civil penalty per day is $56,460 for the fifteen-day 2021 Discharge Event. *Id*. ¶ 374. A hearing on damages is unnecessary because Plaintiffs' damages are calculable in a sum certain of $846,900. *See* Fed. R. Civ. P. 55(b)(1); *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005) (citing cases). This amount is based on the number of days (15) of unpermitted violations and the maximum civil penalty of $56,460 per day.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' motion for default final judgment (Dkt. 185) is granted.
2. The Court declares that HRK violated the Clean Water Act for each day of the 2021 Discharge Event: March 26 to April 9, 2021, which is 15 days of unpermitted violations.

3. Plaintiffs shall recover damages in the amount of $846,900, for which Defendant HRK is jointly and severally liable and for which let execution issue.

4. The Clerk is directed to enter a final default judgment in favor of Plaintiffs and against Defendant HRK Holdings, LLC, consistent with paragraphs 2 and 3.

**DONE AND ORDERED** at Tampa, Florida, on September 18, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record